Coker v. Simpson.

COKER *et al v.* SIMPSON *et al.*

Where the complaint alleged that the defendants had dug a mining-ditch, above one previously constructed by defendants, and had thereby diverted the water of the stream from *plaintiffs'* ditch, but did not aver that the injury was continuing, or threatened to be continued, or likely to be continued: *Held*, that it was sufficient for the recovery of damages, but not to sustain an injunction.

The writ of injunction, though remedial, must be based on some equitable circumstances.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

This was an action for damages sustained by plaintiffs, as owners of a mining-ditch, by the construction of another ditch above it, by the defendants, thereby diverting the waters of the stream supplying both ditches. The complaint avers the diversion of the water, alleges the injury, and prays for judgment for damages, and for a perpetual injunction against the defendants. There is no allegation in the complaint that the injury is continued, or is threatened, or likely to be so. Defendants answered. The Court below gave judgment for plaintiffs, for damages, and granted a decree for a perpetual injunction.

Defendants appealed.

*Henry Meredith* for Appellants.

The judgment in this case is erroneous, and should be reversed, so far as the same grants a perpetual injunction against defendants.

The complaint is merely a common law declaration for damages, for the diversion of water, and is devoid of averments of any and all the equities entitling a party to an injunction. 4 Hen. & Munf. R., 424; 1 A. K. Marshall R., 554; 6 John. Ch. R., 46; W. M. Gates et al. *v.* Teague et al., 6 Cal. R., Oct. Term.

*McConnell* for Respondents.
No brief on file.

Burnett, J., delivered the opinion of the Court—Murray, C. J., concurring.

The decision of this case must be made upon the complaint, the answer, and the judgment of the District Court, as no point is made requiring the transcript to contain the evidence. The plaintiffs were the owners of a ditch leading from Shady Creek, and, after the construction of their ditch, the defendants constructed a ditch above that of plaintiffs, and diverted the waters of the stream. The complaint, in the stating and charging portion of it, simply alleges the facts sufficient to constitute a good cause of action for damages, for the diversion, and then prays judgment for damages, and a perpetual injunction. A verdict was found for plaintiffs, and judgment given for damages, and perpetual injunction, and defendants appealed.

The only grounds of error assigned are: First, that the complaint contained no sufficient allegations to sustain the injunction, being only a case for damages; Second, that the injunction granted went beyond the prayer of the complaint, and the justice of the case.

The complaint seems insufficient to sustain that part of the judgment of the Court granting the injunction. It is simply alleged, in substance, that defendants, between certain specified times, diverted the waters of the stream, to the plaintiffs' dam-

age, in a sum stated. There is no allegation that the injury was continuing, or threatened to be continued, or likely to be continued. The circumstances stated are sufficient for a recovery of damages, but no equitable facts are alleged to sustain the injunction. The writ of injunction, though remedial, must be based upon equitable circumstances. From all that appears in the complaint, the injury was only temporary, and not likely to continue.

For these reasons, I think that part of the judgment of the Court below, granting a perpetual injunction, should be reversed. It is not necessary to examine the other ground of error assigned.