87   505
144   233

[No. 13808.   Department Two. — January 21, 1891.]

## N. H. BALL, RESPONDENT, v. PETER KEHL, APPELLANT.

WATER RIGHTS — APPROPRIATION FOR SPECIAL USE — RIGHTS OF SUBSEQUENT APPROPRIATOR — TEMPORARY DIVERSION — INJUNCTION — INSUFFICIENT FINDINGS. — In an action by a subsequent appropriator of water for purposes of irrigation and domestic use, to restrain its diversion when not needed by a prior appropriator for mill purposes, an allegation that the defendant was continuing, and that he threatened to continue, to divert the water, when not needed for mill purposes, is material; and a finding that on a certain day the defendant deprived the plaintiff of the use of the water is insufficient to sustain an injunction, without a finding as to how long the deprivation continued, or as to whether the defendant threatened to continue it.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Willis & Cole, Curtis & Otis,* and *Henry M. Willis,* for Appellant.

*H. C. Rolfe,* for Respondent.

DE HAVEN, J. — The complaint alleges, in substance, that the defendant had by means of a canal appropriated the waters of a certain creek for the purpose of

operating a mill owned by him, and that, subject to the use and right to use said water by the defendant, the plaintiff has for twelve years last past appropriated and used adversely to defendant, for irrigation, agricultural, and domestic purposes, the water so flowing in said canal whenever the said mill was not being run; that upon August 10, 1888, while the said mill was not running, the defendant without right deprived plaintiff of the use of said water, and has ever since continued to deprive plaintiff of its use; and that " defendant threatens so to deprive plaintiff of the use of any of said water at all times, even when said mill is not being run or operated, nor said water needed for running or operating the same." The answer of the defendant contained a denial of these allegations.

The court below rendered judgment in favor of the plaintiff, and enjoining the defendant from depriving plaintiff of the use or flow of the water of said canal except at such times as said water may be needed and actually used for running and operating said mill.

From this judgment, and an order denying his motion for a new trial, the defendant appeals.

The findings do not support the judgment. The court finds that the defendant did on the 10th of August, 1888, and while he was not using the water for the operation of his mill, deprive the plaintiff of the use of said water by closing a certain waste-gate; but there is an entire omission to find how long such deprivation continued, or whether defendant ever threatened or threatens to continue so to deprive plaintiff of the use of said water at times when said mill is not being run, or needed for running the same. The allegation that defendant's act was continuing, and that he threatened to continue to deprive plaintiff of all use of the water in controversy, was a material one. Without it, the complaint would not state facts sufficient to entitle plaintiff to the injunction asked for and obtained, and the failure of the court to

find upon this issue tendered by the complaint is necessarily fatal to the judgment. This conclusion is sustained by the case of *Coker* v. *Simpson*, 7 Cal. 340, in which it was said:—

"The complaint seems insufficient to sustain that part of the judgment granting the injunction. It is simply alleged, in substance, that defendants, between certain specified dates, diverted the waters of the stream, to the plaintiff's damage in a sum stated. There is no allegation that the injury was continuing, or threatened to be continued, or likely to be continued. The circumstances stated are sufficient for a recovery of damages, but no equitable facts are alleged to sustain the injunction. The writ of injunction, though remedial, must be based upon equitable circumstances. From all that appears in the complaint, the injury was only temporary, and not likely to continue."

And so in this case, it may be said, from all that appears in the findings of the court, plaintiff's injury was only temporary and past, and not likely to continue at any time in the future. (See also *Tuolumne Water Co.* v. *Chapman*, 8 Cal. 392.)

This view renders it unnecessary to pass upon the sufficiency of the evidence to sustain the findings of the court, as the reversal of the judgment compels a reversal of the order denying defendant's motion for a new trial.

Judgment and order reversed.

McFARLAND, J., and SHARPSTEIN, J., concurred.