[S. F. No. 572.   In Bank.—January 15, 1897.]

# J. W. FOSTER ET AL., APPELLANTS, *v.* SIDNEY V. SMITH ET AL., RESPONDENTS.

CORPORATIONS—ELECTION OF DIRECTORS—VIOLATION OF AGREEMENT BY STOCKHOLDERS—ORDER DISSOLVING TEMPORARY INJUNCTION—APPEAL AFTER ELECTION—ABSTRACT QUESTION—DISMISSAL.—Where a temporary injunction was granted to restrain a stockholder from voting at an election of the directors of a corporation, in violation of an agreement between him and two other stockholders that their votes should be massed together as one, to be voted in accordance with the ballot of a majority of them, and such injunction was dissolved prior to the election, an appeal taken from the order dissolving the injunction after the election had been held, raises only an abstract question, and will be dismissed.

APPEAL from an order of the Superior Court of Marin County refusing to grant a preliminary injunction and dissolving a restraining order.   F. M. ANGELLOTTI, Judge.

The facts are stated in the opinion of the court.

*W. S. Goodfellow*, and *Jesse W. Lilienthal*, for Appellants.

*Page, McCutchen & Eells*, for Respondent.

HARRISON, J.—The annual meeting of stockholders for the election of directors of the San Francisco & North Pacific Railway Company was called to be held on the twenty-first day of January, 1896.   On the 16th of January the plaintiffs herein filed their complaint in the superior court of Marin county against the defendants, in which they prayed for an injunction restraining the defendant, Smith, from casting any vote for directors at said annual meeting upon certain shares of stock, except in accordance with the result of a ballot previously had under the terms of a certain written agreement between him and the plaintiffs, Foster and Markham; and that the defendant railway company and its officers be enjoined from receiving any vote from Smith, except

in accordance with said ballot—the agreement being the same which was considered in the case of *Smith* v. *San Francisco etc. Ry. Co.*, ante, p. 584, just decided. Upon the filing of the complaint the judge of the superior court, on the application of the plaintiffs therefor, made an order directing the defendants to show cause before him on the 18th of January why an injunction as prayed for should not issue *pendente lite*, and restraining them in the meantime, and until the determination of said order to show cause and the further order of the court, from the acts sought to be prevented by the injunction. The hearing of the matter was continued from time to time until February 3d, when it was presented upon affidavits filed on behalf of the respective parties, and on the 20th of February the court made its order denying the application for the injunction *pendente lite*, and dissolving the restraining order. The present appeal is from this order.

The appeal has been argued in connection with the case of *Smith* v. *San Francisco etc. Ry. Co.*, *supra*, from which it appears that, after the order herein appealed from was made, the election of directors by the railway company was had February 23, 1896, and that the present appeal was not taken until the 16th of April. It thus appears that the parties to the litigation have no rights which can be affected by a reversal of the order, and that the correctness of the order has become merely an abstract question. The injunction sought by the action was limited to the election then about to be held, and an injunction *pendente lite*, as well as the restraining order given, would have no greater extent than was sought in the action itself. If the parties should obtain a final judgment in the action upon the other issues presented in the complaint, the superior court would not grant an injunction as a part of the relief, for the facts set forth as the grounds for the injunction sought would not then exist. If the order should be reversed, the superior court would have no function to perform in consequence of such reversal.

To re-establish the restraining order, or to issue an injunction *pendente lite,* would be a vain and frivolous act.   Any opinion that we might give upon the merits of the plaintiffs' application to the superior court would not therefore be followed by any action on the part of that court, and would not have any binding authority, or constitute an adjudication of the rights of the parties. (*People* v. *Common Council of Troy,* 82 N. Y. 575; *Matter of Manning,* 139 N. Y. 446.)   It was said in the case last cited, upon a similar question: "The demands of actual, practical litigation are too pressing to permit the examination or discussion of academic questions such as this case in its present situation presents."

The appeal should therefore be dismissed, and it is so ordered.

VAN FLEET, J., McFARLAND, J., and HENSHAW, J., concurred.

BEATTY, C. J.—As the dismissal of the appeal has the same effect as an affirmance of the order appealed from, I do not dissent from the order of dismissal, but in my opinion the order denying the injunction should be affirmed.