## MODOC COUNTY v. MADDEN, County Treasurer, et al.*

### Sac. No. 314; May 4, 1898.

#### 53 Pac. 268.

Appeal.—A County Brought Suit to Restrain Its Treasurer from paying a certain warrant, and, upon the hearing, the court dissolved the preliminary injunction, and denied a perpetual injunction; and two days later the county gave notice of appeal, but did not perfect its appeal for over three years. Held, that as there was no appear-

---

1 Cited and followed in Re Sharp's Estate, 10 Cal. App. 3, 100 Pac. 1071, where it is said a motion to dismiss on appeal will be denied when the whole controversy is based on the question of the jurisdiction of the probate court, and its determination would involve the merits.

*Rehearing denied.

ance by respondent, and as the warrant was doubtless paid, the case would not be considered on its merits, and the judgment would be affirmed.

APPEAL from Superior Court, Modoc County.

Action by the county of Modoc against John Madden, county treasurer, and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Attorney General Fitzgerald for appellant; D. W. Jenks and Goodwin & Stewart for respondents.

PER CURIAM.—On the fifteenth day of July, 1893, the board of supervisors of the county of Modoc allowed and approved two claims presented by the respondent John Stanley for supplies furnished by him to the county hospital, aggregating about $60. The county auditor drew his warrant on the county treasurer in favor of Stanley for this amount. This action was instituted by the district attorney, on behalf of the county, to restrain the treasurer from paying the warrant. It was averred that there were moneys in the treasury available for the purpose, and amply sufficient to pay the warrant, but that it was an illegal and void demand against the county. The argument in this regard is that section 4047 of the Political Code provides that the supervisors must contract for all supplies for county institutions, and that the supplies in payment of which this warrant was drawn had not been furnished under contract. The defendants answered, denying that the claims were unauthorized in law. Upon August 1, 1893, the cause was submitted for decision, without the introduction of evidence upon either side. On the twenty-first day of August the court made and entered its judgment dissolving the preliminary injunction, denying a perpetual injunction, and dismissing the action, with costs to defendants. Two days later—upon August 23, 1893—the plaintiff served and filed its notice of appeal. There the matter was allowed to rest until November 7, 1896, when the record was certified to by the clerk of the court; and following this, upon December 16, 1896, the transcript was filed. The appellant has filed a brief attacking the validity of the claim upon the ground indicated. Respondent makes no reply, doubtless for the reason that he has long since received the money upon his claims, and has no further interest in the litigation.

Under this state of facts, we must decline either to disturb the judgment, or to consider it upon its merits. The rules of this court are designed, not alone to protect the rights of litigants, but to aid the prompt and proper administration of justice. The remissness of appellant in prosecuting its appeal has resulted in an inexcusable delay of more than three years in filing the transcript. During this time there has been no restraint upon the treasurer, and, beyond peradventure, the warrant has long since been paid, and the respondents may reasonably have concluded that the whole matter had been abandoned. In consequence, this court is deprived of the material assistance, to which it is entitled in the consideration of the question, of a brief from the prevailing party. By reason of the laches of the appellant, it may fairly be concluded that the proposition here involved is, so far as these litigants are concerned, nothing more than a moot question; and this court should not be called upon to decide so important a proposition, under the indicated circumstances. The judgment is therefore affirmed.