[S. F. No. 3734.    Department Two.—May 10, 1904.]

RICHARD BRADLEY, Appellant, v. A. W. VOOR-
SANGER et al., Board of Election Commissioners, and
THOMAS J. WALSH, Registrar, etc., Respondents.

ACTION BY TAXPAYER—INJUNCTION AGAINST ELECTION—APPEAL—MOOT
QUESTION—DISMISSAL.—Where a taxpayer sued to enjoin the hold-
ing of an election to fill certain offices, and the expending of money
therefor, and the judgment was against the plaintiff, and before
the hearing of an appeal by him the election had been held and the
money expended, and the officers elected were incumbents in place
of others whose terms had expired, such appeal raises merely a moot
question, and no judgment which could be entered thereupon could
afford plaintiff any relief, and the action will be ordered dismissed.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion.

P. F. Dunne, for Appellant.

Franklin K. Lane, City Attorney, and R. M. Sims, As-
sistant City Attorney, for Respondents. .

CHIPMAN, C.—Plaintiff, a taxpayer, seeks .to enjoin the
defendants the board of election commissioners of the city
and county of San Francisco, and defendant the registrar of
voters, from expending any money, making or drawing any
demands in writing upon the funds of said city and county
for the purpose of procuring to be held and holding in said
city and county a general election in November, 1903, to fill
the offices of mayor, eighteen supervisors, auditor, treasurer,
assessor, tax-collector, recorder, city attorney, district at-
torney, public administrator, county clerk, sheriff, and
coroner, which said offices it is alleged in the complaint (filed
September 24, 1903), were then held by incumbents elected
at the regular general election in November, 1901. It is al-
leged that the expenditure threatened to be made by defend-
ants "will be unnecessary and illegal and a charge and burden
on this plaintiff and all taxpayers in the city and county,"

who, it is alleged, are without adequate remedy at law. A demurrer was interposed on several grounds, which was sustained, and plaintiff declining to amend, defendant had judgment, which was rendered prior to the holding of said election. Plaintiff appeals from the judgment.

Defendants have made a motion to dismiss the appeal on the ground that there is no real or substantial controversy between the parties to the suit; that no right of plaintiff can be affected or determined by this appeal; that the acts on the part of defendant sought to be enjoined have been performed, and there now remains to be performed by defendants no act with regard to incurring indebtedness for or appropriating or expending money, or drawing any demand with regard to said elections held in November, 1903.

Appellant contends,—1. That he is entitled to pursue his appeal against the judgment for costs, the cause being in equity, regardless of the amount (citing *Harron* v. *Harron,* 123 Cal. 508); and 2. That this is not a moot case, even though the special matter at which the injunction pointed has become an accomplished fact. Appellant states his position thus: "It must be remembered that if the point upon which the appeal is rested is well taken, the county officers, now incumbent, are entitled to continue their incumbency, the recent election to the contrary notwithstanding. These incumbents would, therefore, be authorized to enjoin the recently elected officers, in prevention of breaches of the peace, from forcibly entering into possession of the offices in question, and such injunction would be retained until the recently elected claimants should establish their title at law." (Citing cases, among which is *Britton* v. *Election Commissioners,* 129 Cal. 337.)

Appellant's brief was filed in December, 1903. Since that time the late incumbents referred to by appellant have ceased to be officers, by the expiration of their several terms of office, and their successors have been duly installed in office. We cannot see how by any possible contingency the discussion of plaintiff's alleged ground upon which he bases his action would now be otherwise than purely abstract and moot. Such questions this court has refused to consider. No judgment which could be rendered upon this appeal would afford plaintiff any relief. (*San Diego School Dist.* v. *Supervisors,* 97 Cal.

438; *Foster* v. *Smith*, 115 Cal. 611; *Weaver* v. *Reddy*, 135 Cal. 430.) As was said in *Matter of Manning*, 139 N. Y. 446 (cited in *Foster* v. *Smith*, 115 Cal. 611), "The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions such as this case in its present situation presents."

The record does not show that judgment for any costs was entered.

It is advised that the action be dismissed.

Cooper, C., and Gray, C., concurred.

For the reasons stated in the foregoing opinion the action is dismissed.     McFarland, J., Lorigan, J., Henshaw, J.