[L A. No. 3124. In Bank.—July 13, 1912.]

WILLIAM WRIGHT et al., Appellants, v. BOARD OF PUBLIC WORKS OF THE CITY OF LOS ANGELES et al., Respondents.

INJUNCTION—DOING OF ACT THAT HAS ALREADY BEEN PERFORMED WILL NOT BE RESTRAINED.—Regardless of its merit or want of merit in other respects, a court of equity will not grant an application for an injunction to restrain the doing of an act, single and complete in its nature, that has already been performed at the time. of the hearing of the application.

ID.—ERRONEOUS ORDER REFUSING TEMPORARY INJUNCTION—APPEAL—DOING OF ACT SOUGHT TO BE RESTRAINED PENDING APPEAL—DISMISSAL.—Notwithstanding error in the refusal to grant a temporary injunction restraining a sale of land for delinquent assessments in a street widening proceeding, an order to that effect will not be reversed on appeal when it appears that the sale has taken place since the making of the order. Upon such a showing the appeal from the order will be dismissed.

APPEALS from orders of the Superior Court of Los Angeles County denying motions for a temporary injunction. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Chase, Overton & Lyman, for Appellants.

John W. Shenk, City Attorney, and Myron Westover, Deputy City Attorney, for Respondents.

SLOSS, J.—The plaintiffs appeal from two orders denying successive motions for a temporary injunction.

The plaintiffs are owners of various tracts of land upon which the authorities of the city of Los Angeles undertook, in attempted compliance with the provisions of the Street Opening Act of 1903 (Stats. 1903, p. 376), to levy assessments to pay the damages and costs to be incurred in the widening of Sunset Boulevard in said city. The complaint describes the several parcels of land affected, alleges that they are owned by the respective plaintiffs, and states the amount

"pretended to be assessed" against each.  It then alleges that on February 17, 1911, the plaintiffs herein, together with Constance D. Simpson, brought an action in the superior court of Los Angeles County against the defendants.  The purpose of the action, which may be designated as the Simpson suit, was to obtain a decree that the proceedings and assessments under the ordinance for the opening and widening of Sunset Boulevard, so far as they affected the properties of the plaintiffs, be declared void and be canceled, and that the defendants be enjoined from asserting any liens or claims against said properties by reason of said proceedings, and from executing deeds of plaintiffs' respective lots.  On July 12, 1911, a judgment was entered granting to plaintiffs in said Simpson suit the relief for which they had prayed.  Notice of the entry of such judgment was duly served upon the defendants.  Notwithstanding their knowledge of the decree, the defendant members of the board of works thereafter, in August and September, 1911, published a notice that they would, on Friday, September 15, 1911, sell the properties of plaintiffs for the delinquent assessments claimed under the aforesaid proceedings.  It is alleged that such sales will be followed by certificates and deeds, which will cloud the plaintiffs' respective titles to their lots, and that such sales and the issuance of such certificates and deeds will be in violation of the injunction in the Simpson case.  The prayer is for an injunction restraining the board of works from selling the said properties of plaintiff, that the judgment and decree heretofore rendered be "enforced and rendered effectual," that the titles of respective plaintiffs be quieted, and the defendants enjoined from asserting any claims under the proceedings mentioned in the complaint.

The record contains a verified answer filed by the defendants.  From the pleadings, and from the arguments contained in the briefs, it appears that the principal point of difference between the parties is the construction of the decree in the Simpson case.  The contention of the plaintiff is that that decree adjudged to be void all of the proceedings looking to the widening of Sunset Boulevard, while the defendants take the position that the decree went no further than to set aside so much of the proceedings as required the support of a due recording of the assessment and diagram, and that, upon a

re-recording of these documents, the board of works was authorized to collect the assessments by taking anew the further statutory steps.

There is no occasion to consider the soundness of these respective views of the merits of the controversy.

The complaint shows that the defendant board of works had given notice that they would sell the properties of plaintiffs on September 15, 1911. The complaint was filed, and the first application for a temporary injunction restraining such sale made on the same day. The application was denied. The court then issued its order requiring the defendants to show cause on the nineteenth day of September, why an injunction should not be issued, restraining the defendants from selling the properties described in the complaint. The answer was presented in response to said order to show cause. It alleges that on the fifteenth day of September, 1911, after the hearing of the first application, the board of works did offer for sale and sell all of the property advertised in the notice of delinquent sale.

It appears, therefore, that the act sought to be restrained has been done since the making and denial of the first application and that it had already been done at the time the order to show cause came on for hearing. Under these circumstances, neither order should be reversed. The second application was properly denied, regardless of its merit or want of merit in other respects, on the ground that a court of equity will not undertake to restrain the doing of an act, single and complete in its nature, that has already been performed. (22 Cyc. 759; *Clark* v. *Willett*, 35 Cal. 534; *Coker* v. *Simpson*, 7 Cal. 340; *Gardner* v. *Stroever*, 81 Cal. 148, [6 L. R. A. 90, 22 Pac. 483]; *Ball* v. *Kehl*, 87 Cal. 505, [25 Pac. 679].)

And, if it were conceded that an injunction against the threatened sale might or should have been granted when first applied for—on the day the complaint was filed—the order denying that motion should nevertheless be affirmed upon the showing that the sale has taken place since the denial of the order. Where a reversal would prove fruitless, the appellate court will not reverse the judgment or order appealed from. (3 Cyc. 188; Id. 420.) The rule has been applied by this court to cases just like the one at bar, cases, that is to say, of an appeal from an order refusing an injunction *pendente lite*,

where, after the order and before the disposition of the appeal, the act sought to be enjoined has been performed. (*Foster* v. *Smith*, 115 Cal. 611, [47 Pac. 591] ; *Bradley* v. *Voorsanger*, 143 Cal. 214, [76 Pac. 1031] ; see, also, *Horton* v. *City of Los Angeles*, 119 Cal. 603, [51 Pac. 956] ; *Weaver* v. *Ready*, 135 Cal. 430, [67 Pac. 683].) In *Foster* v. *Smith*, the court said that: "To re-establish the restraining order, or to issue an injunction *pendente lite*, would be a vain and frivolous act. Any opinion that we might give upon the merits of the plaintiffs' application to the superior court would not therefore be followed by any action on the part of that court, and would not have any binding authority, or constitute an adjudication of the rights of the parties." The disposition of the present appeals from the orders denying a temporary injunction will not, of course, affect the trial of the cause on its merits, in so far as such trial may involve a demand for further relief than that sought by the application for injunction *pendente lite*. The plaintiffs, may, for example, ultimately show that they are entitled to an injunction against the execution of deeds to the purchaser at the sale. But they did not, on the applications under review, ask for any such injunction, and we can, on these appeals, consider nothing more than their right to the injunction for which they applied, which was an injunction against the sale which has actually been made.

In some jurisdictions, the courts, upon presentation of a state of facts like that here shown with reference to the first motion, affirm the judgment or order appealed from without consideration of the merits. In California, however, it seems to have been the practice to dismiss the appeal upon the view that it presents no real controversy, but only a moot or academic question. This was the course followed in *Foster* v. *Smith* and in *Bradley* v. *Voorsanger*.

The appeal from the order of September 15, 1911, is dismissed. The order of September 19, 1911, is affirmed.

Shaw, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.