[Civ. No. 1433. Second Appellate District.—December 17, 1913.]

## JAMES A. BERNARD et al., Appellants, v. A. WEABER, as City Treasurer of the City of Bakersfield,.Respondent.

APPEAL—MOOT QUESTION—IMPROVEMENT BONDS—REFUSAL TO ENJOIN ISSUANCE.—An appeal from an order dissolving an injunction against the issuance of improvement bonds on the ground of their invalidity will be dismissed, where pending the appeal the bonds are issued, since a decision would have no binding authority and would not affect the legal rights of the parties.

ID.—PRESUMPTION OF ISSUANCE OF BONDS—PENDENCY OF APPEAL.—In such case where the complaint alleges that the city treasurer will, unless restrained, immediately issue the bonds, the appellate court

will accept this allegation as true and assume that he has performed
the duty imposed upon him by law, and that therefore the bonds
were issued upon the dissolution of the injunction and during the
pendency of the appeal.

ID.—DECISION ON MERITS—JUDGMENT FOR COSTS.—In such case the
appellants cannot insist upon a decision upon the merits by reason
of the fact that a judgment for costs was rendered against them,
where it appears from the record that no judgment for costs in
any sum was rendered, it being recited therein that defendant re-
cover costs of suit amounting to the sum of .... dollars.

APPEALS from a judgment of dismissal of the Superior
Court of Kern County and from orders refusing to issue a
preliminary injunction and dissolving a restraining order.
J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, and C. E. Arnold, for Appellants.

Rollin Laird, J. W. Wiley, and S. M. Haskins, for Respond-
ent.

SHAW, J.—Action to enjoin the issuance of street im-
provement bonds. As shown by the complaint, filed June 7,
1912, the board of trustees of the city of Bakersfield did, on
July 10, 1911, adopt a resolution of intention to order the
improvement of certain streets in said city according to plans
and specifications prepared therefor, and wherein it declared
the expense of the improvements should be chargeable upon
the lots and lands within a district designated as "Street Dis-
trict No. 1," the exterior boundaries of which were described
therein. It was also declared in said resolution that the
board of trustees found upon estimates furnished by the city
engineer that the cost of the proposed work would exceed
fifty cents per front foot along each line of the streets to be
improved, and pursuant to the provisions of the Street Im-
provement Act determined and declared that serial bonds
should be issued to represent all assessments made for the
cost of said work where the same amounted to the sum of
twenty-five dollars or more, which said serial bonds it was
declared "shall extend over a period not to exceed five years
from their date." The work of improving the streets was

fully performed by the contractor to whom award of contract therefor was made, and the work duly accepted by the superintendent of streets, who thereafter duly made and recorded the assessment and diagram, as required by law; and on the eighth day of May the superintendent of streets issued and delivered to the contractor a warrant whereby he was authorized to demand and receive the several assessments so made for the cost of the work, and wherein it was stated that "serial bonds bearing interest at the rate of eight per cent per annum, and extending over a period of four years from and after the 2d of January, next succeeding the date of said bonds, are to be issued to represent the cost and expense of the work described in the assessment, and in the manner and form prescribed by law, and notice is hereby given that a bond in such series will issue to represent each assessment of twenty-five dollars or more remaining unpaid for thirty days after the date of this warrant, or five days after the decision of the board of trustees of this city upon appeal." Plaintiffs are the owners of the lots and parcels of land described in the complaint, all of which are situated within the exterior boundaries of the improvement district so established, and the assessment against each of said lots and parcels of land amounts to over twenty-five dollars, none of which, it was alleged, had been or would be paid. It was further alleged in the complaint that the superintendent of streets was about to certify to the city treasurer of said city the failure of plaintiffs to pay said assessments within thirty days from the date of said warrant, to wit: May 8, 1912; and that the defendant as "city treasurer threatens and is about to and will, unless restrained by the order of this court, immediately issue to the said contractor, his agents or assigns, a separate bond upon each parcel or lot of land contained in said list, for the amount of said assessment upon each of said lots or parcels of land"; and that said bonds, if issued, will constitute a cloud upon plaintiffs' title. The prayer is for an injunction restraining the issuance of the bonds.

Upon the filing of the complaint, on June 7, 1912, the court issued a temporary restraining order and cited defendant to appear and show cause why a preliminary injunction should not be granted as prayed for. In response to this

citation, defendant at the hearing interposed a demurrer, which was by the court sustained and an order made dissolving the temporary restraining order theretofore issued, and the application for a preliminary injunction denied. Judgment of dismissal followed, from which, and the orders refusing to issue a preliminary injunction and dissolving the restraining order, plaintiffs appeal.

Appellants base their claim for reversal upon the fact that the board of trustees failed to fix a time for the maturity of the bonds proposed to be issued for the cost of the work, other than to declare in said resolution of intention and throughout the proceedings that they should ''extend over a period not to exceed five years from their date,'' but, instead of so doing, delegated to the superintendent of streets the power to fix such time over which the bonds should extend, and that he, the superintendent, in the exercise of his discretion, fixed such time as about four and one-half years from their date. Otherwise the legality of the proceedings is conceded.

Respondent has filed no brief going to the merits of the controversy, but asks that the appeal be dismissed for the reason that the performance of the act which was sought to be enjoined,—namely: the issuance and delivery of the bonds, has been performed; hence a judgment of reversal rendered by this court could afford plaintiffs no relief. If, in fact, the city treasurer has heretofore issued and delivered the bonds, an order by this court in effect re-establishing the restraining order and issuing a writ of injunction restraining him from doing that which he has already done, would be an idle and frivolous act, since such decision would have no binding authority and would not affect the legal rights of the parties. (*Matter of Manning,* 139 N. Y. 446, [34 N. E. 931] ; *Foster* v. *Smith,* 115 Cal. 611, [47 Pac. 591] ; *Wright* v. *Board of Public Works,* 163 Cal. 328, [125 Pac. 353] ; *Ball* v. *Kehl,* 87 Cal. 505, [25 Pac. 679] ; *Bradley* v. *Voorsanger,* 143 Cal. 214, [76 Pac. 1031].)

As shown by the complaint, the warrant was issued and delivered on the eighth day of May, and recited that bonds representing each assessment of twenty-five dollars or more unpaid for thirty days after the date thereof would issue. The complaint, filed on June 7, 1912 (the day on which the thirty days after the issuance of the warrant expired), al-

leged that the superintendent of streets was about to certify to the city treasurer a list of unpaid assessments, each of which amounted to more than twenty-five dollars, and alleged that the city treasurer *would,* unless restrained, immediately issue said bonds to the contractor or his agent. We must accept this allegation as true. The restraining order was dissolved on June 28, 1912, since which time the defendant has been free to issue the bonds which it was alleged he *would* issue unless restrained. We must, therefore, assume that, as stated in the complaint, the city treasurer, upon dissolution of the restraining order, and in obedience to the duty imposed upon him by section 4 of the Street Improvement Act (Stats. 1911, p. 1202), whereby, upon receiving from the superintendent of streets a list of all assessments unpaid which amounted to twenty-five dollars or more, he was required to *thereupon* make out, sign, and issue to the contractor, or his assigns, a separate bond representing the assessment against each lot upon which the assessment remained unpaid, did so issue the said bonds; and this regardless of his opinion as to the legality of the proceedings. It is presumed that public officers perform their duty, and it was the duty of the city treasurer to deliver the bonds. Appellants insist that the court has no right to assume a change in the conditions existing on June 7, 1912, and since the record shows the bonds were not issued at the time of filing the complaint, we must, upon the theory that a condition once shown to exist continues, assume that they have not been issued. We cannot indulge in such presumption against the allegations of the complaint, for it was therein alleged that the treasurer would issue the bonds unless restrained; and it is further shown by the record that he was not so restrained. Moreover, as stated, we must presume that as a public officer the treasurer performed the duty imposed upon him, under the provisions of section 4 of the Street Improvement Act (Stats. 1911, p. 1202), of issuing the bonds, upon the superintendent of streets certifying to him a complete list of unpaid assessments, which certification, it is alleged in the complaint, the superintendent of streets was about to make, as required by law so to do.

Appellants further insist that they are entitled to a decision upon the merits by reason of the fact that a judgment for

costs was rendered against them. It appears, however, from the record that no judgment for costs in any sum was rendered, it being recited therein that defendant recover costs of suit amounting to the sum of ...... dollars. (*Bradley* v. *Voorsanger,* 143 Cal: 214, [76 Pac. 1031].)

The demands upon the time of the court in deciding questions affecting actual rights of litigants are too pressing to permit of its discussing moot questions, however interesting they may be from an academic point of view.

The appeals from the judgment and orders are dismissed.

Conrey, P. J., and James, J., concurred.