FRANCISCO NEVARES-LÓPEZ ET AL., Plaintiffs and Appellees, v. NEVARES BROTHERS, Defendants and Appellants.

No. 4255. Argued November 8, 1927.—Decided March 13, 1928.

Acuña & Janer for the appellants. J. Texidor and D. Pellon Jr. for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of San Juan on the 27th of September,

1926, rendered judgment for the plaintiffs in an unlawful detainer proceeding. An appeal was taken on the 28th day of September, 1926. The parties argued the merits of this appeal on the 8th of November, 1927, but the appellees also presented a motion for dismissal. The ground for dismissal is the unusual one that the questions raised in this case have become academic because the defendant and appellant is now the owner by purchase of the land which was the object of this suit. The motion to dismiss was filed in this court on the 30th of September, 1927. Accompanying the motion was the copy of the deed transferring the property to the appellant.

The fact of the transfer is not challenged; nor is the right of this court to consider the special fact developed since the trial of the case in the court below.

Courts will generally refuse to consider moot court questions. *Texas & Pacific Railway Co.* v. *Interstate Transportation Co.*, 155 U. S. 583; *Elastic Fabrics Co.* v. *Smith*, 100 U. S. 110; *Wright et al.* v. *Board of Public Works of Los Angeles*, 163 Cal. 328, 125 Pac. 353; *Modoc County* v. *Madden*, 53 Pac. 268; 4 C. J. 1135, par. 3129; 4 C. J. 575, par. 2383 *et seq.*

These citations do not affect the rule that generally a record can not be added to on appeal. The appellant, however, insists that the principal question should be looked into because a matter of costs is involved. Some courts refuse to reverse when a mere question of costs is involved, but there is a difference of opinion as shown by the foregoing citations. In Porto Rico, where costs and attorney's fees are apt to be high, we have on occasions exercised our discretion to enter into the merits and we shall do so to a limited extent in this case, although we do not propose definitely to decide the somewhat complicated questions of law and fact raised by the parties.

The principal controversy was waged over whether there

was a tacit renewal of a lease. The plaintiffs alleged that as the property belonged to minors the continuations or tolerances of possession made by their tutor could not extend beyond the term of their majority; that the court's order was against such extension. Nevertheless, the lease was suffered to be continued and with increased rentals from time to time by the tutor. The defendant remained in possession of the land for a great many years, paying rent therefor, and no question was raised of its right to be there. It is quite a debatable question whether each time the tutor permitted the defendant to remain on the land for another year or period of time the status or nexus arising was not one of a new lease, and whether the holding over was not to be considered as a tenancy under the original contract. We are aware of course that the appellees steadily maintained and maintain that no one, and especially not the tutor, had authority to make any extension. The court below merely decided that there was no new right of lease.

Likewise, the defendant after the death of the tutor paid over rents to various persons who were supposed to be close to the minors and who apparently accepted the payments at least up to the majority of Francisco Nevares and the emancipation of his sister. We are not finding that payments were accepted after the majority or emancipation of the plaintiffs, as it was also a very complicated question how far checks might constitute payment in this case.

One thing we are thoroughly convinced of, especially after the elaborate work done on both sides, and that is that the questions of law and fact were entirely debatable and hence that the defendant should not be seriously mulcted in costs.

Therefore, in view of the recent purchase by the defendant of the property involved in this suit, we shall refrain from deciding whether the judgment should prevail in so far as it dispossesses the defendant, inasmuch as, being owner, it may not be ousted from the premises and we limit our-

selves to the reversal of the pronouncement as to costs and order that each party shall pay his own costs.

Mr. Justice Texidor took no part in the decision of this case.