FRANCISCO NEVARES LÓPEZ y FRANCISCA P. RITA NEVARES LÓPEZ, demandantes y apelados, *v.* NEVARES HERMANOS, demandada y apelante.

No. 4255.—*Visto:* Noviembre 8, 1927. *Resuelto:* Marzo 13, 1928.

1. ARRENDADOR Y ARRENDATARIO—ACCIÓN DE VOLVER A ENTRAR EN Y RECOBRAR LA POSESIÓN POR EL PROPIETARIO—DESAHUCIO—APELACIÓN—DESESTIMACIÓN—FRIVOLIDAD.—Apelada una sentencia de desahucio contra un demandado si éste después compra la propiedad objeto del pleito, no procede desestimar por el fundamento de ser académica las cuestiones levantadas cuando queda una cuestión de costas por resolver.

2. COSTAS—NATURALEZA, FUNDAMENTOS Y EXTENSIÓN DEL DERECHO EN GENERAL—CULPABILIDAD O TEMERIDAD.—Cuando de un examen de la cuestión principal de un caso—que se revisa sólo por estar envuelta una cuestión de costas—aparece que las cuestiones de derecho y de hecho planteadas en relación con ella eran enteramente debatibles, no debe condenarse a la parte apelante al pago de costas.

Sentencia de *Pablo Berga,* J. (San Juan), declarando con lugar demanda de desahucio, con costas. *Revocada* en tanto condena al pago de costas a los demandados.

*Acuña & Janer,* abogados del apelante; *J. Texidor* y *D. Pellón Jr.,* abogados de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En 27 de septiembre de 1926 la Corte de Distrito de San Juan dictó sentencia a favor de los demandantes en un procedimiento de desahucio. Al día siguiente se interpuso recurso de apelación. Las partes argumentaron los méritos de esta apelación el día 8 de noviembre de 1927, pero los apelados también presentaron una moción de desestimación. El fundamento de la desestimación es el poco corriente de que las cuestiones levantadas en este caso se han convertido en cuestiones académicas porque la demandada y apelante es ahora la dueña por haber comprado la finca objeto de este pleito. La moción para desestimar fué radicada en esta corte el 30 de septiembre de 1927. Se acompañó a la moción la copia de la escritura traspasando la propiedad a la apelante.

No se ataca el hecho del traspaso ni el derecho de esta corte a tomar en consideración el hecho especial surgido con posterioridad a la vista del caso en la corte inferior.

[1] Las cortes generalmente rehusan considerar cuestiones legales simuladas. *Texas & Pacific Railway Co.* v. *Smith,* 100 U. S. 110; *Wright et al.* v. *Board of Public Works of Los Angeles,* 163 Cal. 328, 125 Pac. 353; *Modoc County* v. *Madden,* 53 Pac. 268; 4 C. J. 1135, párrafo 3129; 4 C. J. 575, párrafo 2383, *et seq.*

Estas citas no afectan la regla de que generalmente no se puede agregar nada a los autos de la apelación. Sin embargo, los apelados insisten en que la cuestión principal debe ser examinada en vista de que está envuelta la cuestión de costas. Algunas cortes rehusan revocar la sentencia cuando está envuelta una mera cuestión de costas, pero existe di-

ferencia de criterio, según lo demuestran las anteriores citas de otros tribunales.  En Puerto Rico cuando las costas y honorarios de abogado pueden ser crecidos, en algunas ocasiones hemos ejercido nuestra discreción y entrado en los méritos del caso, según lo haremos hasta cierto límite en el presente, aunque no nos proponemos resolver definitivamente las complicadas cuestiones de hecho y de derecho levantadas por las partes.

La controversia principal giró sobre si hubo la tácita reconducción de un arrendamiento.  Los demandantes alegaron que como la finca pertenecía a menores la continuación o tolerancia de posesión hecha por su tutor no podía extenderse más allá del tiempo que faltaba a los menores para llegar a su mayor edad; que la resolución de la corte era contraria a tal extensión.  No obstante, se permitió que el arrendamiento continuara, aumentando el tutor el canon de arrendamiento de tiempo en tiempo.  La demandada permaneció en la posesión de la finca por un gran número de años, pagando el canon de arrendamiento, y no surgió cuestión alguna respecto a su derecho a estar allí.  Es cuestión muy discutible si cada vez que el tutor permitió que la demandada permaneciera en la finca durante otro año u otro período de tiempo, la situación legal o nexo jurídico que surgía era o no un nuevo arrendamiento, y si la permanencia adicional no debía considerarse como un arrendamiento de acuerdo con el contrato original.  Nos damos cuenta, desde luego, de que los apelados permanentemente sostuvieron y sostienen que nadie, y especialmente el tutor, tenía autoridad para hacer prórroga alguna.  La corte inferior decidió meramente que no había derecho a una renovación del arrendamiento.

Igualmente la demandada, con posterioridad a la muerte del tutor, pagó los cánones de arrendamiento a distintas personas que se suponían ser muy allegadas a los menores y quienes aparentemente aceptaron los pagos, por lo menos hasta que Francisco Nevares llegó a su mayor edad y hasta

que su hermana fué emancipada. No estamos resolviendo que se aceptaron los pagos después de la mayoridad o emancipación de los demandantes, siendo también muy complicada la cuestión de hasta qué punto los cheques pueden constituir el pago en este caso.

[2] De algo que estamos enteramente convencidos, especialmente después de la ardua labor de ambas partes, es que las cuestiones de derecho y de hecho eran enteramente debatibles y que, por tanto, no debe condenarse fuertemente a la demandada al pago de las costas.

Por consiguiente, en vista de la compra hecha recientemente por los demandados de la finca objeto del desahucio, nos abstendremos de decidir si es procedente o no la sentencia en cuanto ordena a los demandados que la desocupen, toda vez que siendo ellos actualmente sus dueños no pueden ser lanzados de la misma en este pleito, y nos limitaremos a *revocar el particular sobre costas declarando que cada parte debe pagar las suyas.*

El Juez Asociado Señor Texidor no intervino.