[L. A. No. 15645. In Bank.—June 18, 1936.]

CLARENCE S. BOGGS et al., Appellants, v. NORTH
AMERICAN BOND AND MORTGAGE COMPANY (a
Corporation) et al., Respondents.

524

A. V. Kaufman and Golden & Kaufman for Appellants.

James C. Ingebretsen for Respondents.

SEAWELL, J.—Respondent Louis C. Drapeau moved to dismiss the appeal herein on the ground that the questions involved have become moot. Respondent is building and loan commissioner of the state of California, and in this capacity is in charge of the liquidation of California Mutual Building and Loan Association. We are of the view that the motion to dismiss the appeal must be denied.

Said California Mutual Building and Loan Association by assignment became the owner of a note and deed of trust executed by appellants Clarence S. Boggs and Margaret K. Boggs, which deed of trust covers apartment house property in the city of Los Angeles. Mr. and Mrs. Boggs filed a petition in the Superior Court of Los Angeles County under the Mortgage and Trust Deed Moratorium Act of 1935 (Stats. 1935, p. 1208; Deering's Codes, Laws and Const. Amdts., 1935 Supp., p. 1336), alleging that respondent Louis C. Drapeau on behalf of California Mutual Building and Loan Association had filed a notice of default and election to sell under the power of sale contained in said deed of trust, and praying that the court restrain the defendants from proceeding with the sale. Said act provides that upon hearing "the court may make its order, if it finds equitable grounds for relief, ordering that such sale shall not be held until after such date as the court considers just and equitable, but in no event shall such date be beyond February 1, 1937, or may make its order dismissing such proceedings". In the instant case the court made its order

denying and dismissing the petition, from which order the appeal herein is prosecuted by the Boggs.

An order granting or dismissing a petition for postponement under the Moratorium Act is appealable. Although under section 5 of the Moratorium Act the determination of the court upon a petition for postponement of sale is denominated an "order", it is nevertheless a final judgment in a special proceeding within the meaning of subdivision 1, section 963, Code of Civil Procedure.

Respondent Louis C. Drapeau contends that the questions involved in the appeal herein have become moot for the reason that during the pendency of the appeal the trustee's sale was held. At said sale the property was purchased by California Mutual Building and Loan Association, which by assignment had become the holder of the deed of trust before the petition for postponement of sale was filed. Respondent Drapeau, as trustee in liquidation of said building and loan association, relies on a large number of cases in which it has been held that an appeal from an order refusing to grant or dissolving an injunction against the performance of a single act will be dismissed if the act is done pending the appeal. (*Wright* v. *Board of Public Works,* 163 Cal. 328 [125 Pac. 353]; *Bernard* v. *Weaber,* 23 Cal. App. 532 [138 Pac. 941]; 2 Cal. Jur. 125; 14 Cal. Jur. 210.) It is the theory of these cases that after the act sought to be restrained has been done, it would be an idle judicial act to consider on appeal whether it should have been enjoined. This principle has a wide variety of valid applications, but it should not control in the instant case. We are of the view that if it be held on appeal that the trial judge abused the equitable discretion confided in him by the Moratorium Act in denying a postponement, a trustee's sale held pending the appeal taken by the debtor will be set aside where the beneficiary under the deed of trust or his assignee has purchased at the trustee's sale.

The taking of an appeal from an order dismissing a petition for postponement does not stay the right of the trustee to proceed with the sale. The order of the superior court denying a petition for postponement is self-executing. The prosecution of an appeal from an order refusing to grant or dissolving an injunction does not create or revive an injunction pending the appeal. (2 Cal. Jur. 411, 438,

440; 23 Cal. Jur. 985.) ▮ But if it is held on appeal that the debtor upon the showing made by him was entitled as a matter of law to a postponement, the sale will be set aside. Section 23 of the Moratorium Act provides that any sale of real property under a deed of trust made in violation of the act shall be voidable, except as against a *bona fide* purchaser or encumbrancer for value, at the instance of the record owner at the time of such sale. We are of the view that upon reversal of an order denying a postponement this section applies to a sale held pending the appeal.

A decree for foreclosure of a mortgage may be stayed pending an appeal by the mortgagor. If it is not stayed the foreclosure sale may be held pending the appeal. But upon reversal on appeal the sale will be set aside if the mortgagee has purchased, either by the court on appeal (sec. 957, Code Civ. Proc.), or upon motion in the lower court. (*Di Nola* v. *Allison,* 143 Cal. 106 [76 Pac. 976, 101 Am. St. Rep. 84, 65 L. R. A. 419]; *Reynolds* v. *Harris,* 14 Cal. 667 [76 Am. Dec. 459]; *Mills* v. *Laing,* 38 Cal. App. 776 [177 Pac. 493]; 2 Cal. Jur. 1000, 1062; 2 R. C. L. 291–301.) It is also held that where property has been purchased by a party to the action at an execution sale had upon a money judgment, the sale will be set aside where the judgment is reversed on appeal. Respondent contends that the situation in the mortgage foreclosure and execution sale cases is not analogous. In said cases the basis of the sale is a judicial decree. Upon reversal of the judgment or decree the foundation for the sale proceedings is destroyed, and it is proper that restitution should be made. But where moratorium relief is denied, the sale is held under a power of sale contained in the trust deed. It does not depend upon a decree which is later reversed, but upon a provision in the contract of the parties. This difference exists, but nevertheless the cases afford support for the conclusion we reach herein.

*Wright* v. *Board of Public Works,* 163 Cal. 328 [125 Pac. 353], *Faria* v. *Brandon,* 206 Cal. 730 [276 Pac. 106], *Shultz* v. *O'Rourke,* 118 Cal. App. 207 [4 Pac. (2d) 797], and *Bernard* v. *Weaber, supra,* present applications of the rule that an appeal from an order refusing to grant an injunction will be dismissed if the act is done pending the appeal. In *Wright* v.

*Board of Public Works, supra,* plaintiffs sought to restrain sale of their property for delinquent taxes, on the ground of irregularities in the assessment. Pending appeal from an order denying the injunction, the tax sale was held. The court dismissed the appeal. We recognized that by reason of the claimed invalidity in the assessment the plaintiffs might be entitled to other relief, as, for example, an injunction against the execution of deeds to the purchasers at the tax sale. But as the sale had taken place, we refused to review the grounds of alleged invalidity in the assessment, on which it was claimed the injunction against sale should have been granted, and on which plaintiffs' right to other relief would depend. But on appeal from an order denying postponement of sale under the Moratorium Act, if it is held that when the trustee's sale takes place pending the appeal, the proceeding becomes moot, the debtor will be left without remedy, although the superior court judge may have abused his discretion. Thus he will be deprived of relief under the Moratorium Act. The order denying the postponement would become final upon dismissal of an appeal therefrom, and would be *res judicata* between the parties. The debtor could not thereafter bring another action, claiming that the trial court should in the first instance have granted an injunction against sale, and on that ground procure the sale to be set aside.

In *Faria* v. *Brandon,* 206 Cal. 730 [276 Pac. 106], an injunction was sought to restrain an execution sale upon a money judgment, apparently on the ground that the property levied on was not owned by the judgment debtor. We held on appeal from the order denying the injunction that a conveyance of the property made by the judgment debtor to his wife was in fraud of creditors, and further that as the sale had taken place the question was moot. In that case if the property had belonged to a third person, notwithstanding the appeal had been dismissed on the ground that the sale rendered the injunction proceeding moot, the third person would not be without remedy to establish his rights in the property. In *Lansdown* v. *Smith & Sons R. Corp., Ltd.,* 1 Cal. App. (2d) 618 [37 Pac. (2d) 127], it was held that after a trustee's sale had taken place, an appeal by a junior encumbrancer from an order denying an injunction against sale became moot. In this case, also, if the

sale was in fact unauthorized and wrongful as to the junior encumbrancer he would have other remedies. In these cases the grounds urged as affecting the validity of the sales concerned other matters than an alleged abuse of judicial discretion, reviewable only on appeal in the proceeding in which discretion is alleged to have been abused.

Mention must also be made of *Brennan* v. *American Trust Co.,* 3 Cal. (2d) 635 [45 Pac. (2d) 207]. In that case the trustors under a deed of trust sought to enjoin a trustee's sale before the enactment of the moratorium legislation authorizing the postponement of sale. The injunction was denied and the debtors appealed. Respondents made a motion in this court to dismiss the appeal or affirm judgment. Pending the appeal the trustee's sale had been held, and it appears from the record that at such sale the beneficiaries under the deed of trust were the purchasers.

Appellants contended that in times of economic depression the courts had general equitable power to restrain a trustee's sale which would be inequitable. In affirming the judgment we held that this right did not exist independent of statute. As noted above, the injunction was sought before the enactment of the Moratorium Act authorizing the postponement of trustee's sale. Our opinion further states that the actual sale of the property rendered the injunction proceeding moot. This statement was not necessary to the decision, inasmuch as we held that the judgment should be affirmed on the ground that the trial court properly denied the injunction, and in so far as it is in conflict with our holding herein it is disapproved.

We confine our decision herein to cases where the beneficiary under the deed of trust or his assignee purchases at the trustee's sale. We do not determine whether upon a reversal of an order denying a petition for postponement a trustee's sale held pending the appeal would be set aside where a third party is the purchaser.

Respondent's motion to dismiss the appeal on the ground that the questions involved therein have become moot must be denied. In denying the motion to dismiss the appeal, we express no opinion on the merits of the questions involved on the appeal. It may be said that it is only where it clearly appears that as a matter of law the trial court abused its discretion in denying a postponement, that an

order denying such postponement will be reversed on appeal. In the instant case on the consideration of the motion to dismiss we cannot consider the appeal on its merits. That is, we cannot pass on the question whether the judge below abused his discretion in denying the postponement. (2 Cal. Jur. 749, and cases there cited.) The effect of considering the case on its merits would be to advance it out of its regular order. Respondent moved to dismiss the appeal on the ground that the questions involved had become moot, and that a disposition of the appeal on its merits would not affect any substantial rights of the parties. He did not move to dismiss the appeal or affirm judgment under rule 3 of this court. If he had made a motion under this rule it would be competent for the court upon a proper submission of the cause to consider the appeal on its merits, but respondent did not make a motion under said section.

The motion to dismiss the appeal is denied.

Curtis, J., Shenk, J., Thompson, J., Langdon, J., and Waste, C. J., concurred.