[L. A. No. 15573. In Bank.—July 1, 1936.]

THEODORA VON WALDT HAUSEN et al., Appellants, v. CONSOLIDATED TITLE GUARANTEE COMPANY (a Corporation) et al., Respondents.

C. W. Engelbertson for Appellants.

Leland Crawford for Respondents.

CURTIS, J.—The plaintiffs are the trustors under a certain deed of trust, and the defendants are named in said trust deed, trustee and beneficiary respectively therein. On April 12, 1935, defendant, the Consolidated Investment Company of Santa Barbara, the beneficiary named in said deed of trust, filed for record in the office of the county recorder of the said county, a notice of default stating that a breach of the obligation for which said deed of trust was security had occurred and of its election to sell said real property to satisfy said obligation. On July 12, 1935, plaintiffs filed in the Superior Court of the County of Santa Barbara, in which county the real property described in said trust deed is situated, a petition asking for the postponement of sale of said real property under said deed of trust. Said petition set forth the date when said notice of default was recorded and the other necessary facts required by the "Mortgage and Trust Deed Moratorium Act of 1935" (Stats. 1935, p. 1208), hereinafter referred to as the "Moratorium Act", under and in pursuance of which said petition for postponement of sale was filed. The Moratorium Act was approved and went into effect as an emergency measure on June 21, 1935. By section 2 thereof it is provided: "At any time within ninety days from and after the recording of notice of default under section 2924 of the Civil Code, or at any time within thirty days after the effective date of this act, but not later than January 1, 1937, the trustor under any deed of trust upon real property, or upon chattels attached to real property, or the mortgagor under any mortgage upon real property, or upon chattels attached to real property, conferring the power of sale, may file a petition in the superior court of the

county in which such real property, or chattels attached to real property, or the major portion thereof, is situated, praying for an order postponing the sale of such property under the power of sale conferred by such deed of trust or such mortgage.'' ▆ Upon July 30, 1935, upon the motion of defendants after due notice to the plaintiffs said superior court dismissed said petition of the plaintiffs for a postponement of said sale. While this order of dismissal does not state the grounds upon which it was made, the notice of motion to dismiss stated as the sole ground upon which the motion was based that the court had no jurisdiction of said action. The order of dismissal recites that on April 12, 1935, the trustee filed in the office of the county recorder notice of default ''and that no proceedings were taken by petitioner until the 12th day of July, 1935.'' As we have seen the Moratorium Act was enacted and went into effect on June 21, 1935. As appellants filed their petition for postponement on July 12, 1935, said petition, while not within ninety days from the date of the recordation of the notice of default, was filed within thirty days from the effective date of the Moratorium Act. The thirty-day limit, within which petitions might be filed thereunder would not expire until July 21, 1935. Appellants' petition was filed on July 12, 1935, some nine days before the expiration of said thirty days' limit. The superior court therefore in so far as the date of the filing of said petition for postponement is concerned had jurisdiction of said proceeding. No suggestion is made of any other reason that would justify the trial court in denying its jurisdiction of said proceeding than that which we have discussed which relates solely to the time of the filing of said petition. The record before us clearly shows that the petition for postponement was filed in time and the court had jurisdiction over said proceeding.

▆ There is also a motion before us to dismiss the appeal or affirm the judgment. In support of this motion the respondents contend that the order dismissing the petition for postponement of sale is not an appealable order and furthermore the question of the validity of said order of dismissal has become moot. The record shows that the sale was made to the defendant, the Consolidated Investment Company of Santa Barbara, the beneficiary named in said trust deed. We recently held that an order dismissing or

granting a petition for postponement was an appealable order, and that such an order did not become moot upon the sale of the property described in the trust deed, when said sale was made to the beneficiary named in said trust deed. (*Boggs* v. *North American Bond & Mortgage Co. et al., ante,* p. 523 [58 Pac. (2d) 918].)

The motion to dismiss the appeal or affirm the judgment is denied and the judgment is reversed.

Waste, C. J., Shenk, J., Langdon, J., Thompson, J., and Seawell, J., concurred.

Rehearing denied.