[L. A. No. 15730.   In Bank.—July 19, 1937.]

RAY E. WILLIAMS et al., Appellants, v. WALLACE LIN-VILLE et al., Respondents.

Jesse W. Curtis, Jr., for Appellants.

J. Marion Wright for Respondents.

LANGDON, J.—This is a petition to postpone sale under a deed of trust in accordance with the provisions of the Mortgage and Trust Deed Moratorium Act of 1935. (Deering's Gen. Laws, 1935 Supp., p. 1336.)

The trust deed secured a note in the sum of $10,500 on ranch land in San Bernardino County. It was executed in 1930, and in 1932, when petitioners acquired the property, they assumed payment of the note. Thereafter they defaulted in payments of principal, interest and taxes, and notice was filed July 16, 1934, of an intended sale in July, 1935. The present petition was filed July 17, 1935, alleging inability of petitioners to meet their obligations under the note and deed of trust and seeking postponement of the sale. The answer alleged that petitioners had adequate personal funds, that they had failed to give proper care to the property and that if the sale were postponed, the orange grove would die and a good part of the security would be thus lost. The court found that there was past due the sum of $8,500 principal, $1,000 interest, and that delinquent taxes amounted to $127.12; that the orange grove, as kept by petitioners, produced practically nothing, but that with reasonably good care and attention it should produce about 3,000 boxes per year. The court further found that petitioners received salaries of $585 per month. Accordingly, the court on October 5, 1935, decreed that the sale should be postponed until January 1, 1937; that defendant Linville, beneficiary under the deed of trust, should have possession of the property until such time, for the purpose of placing it in good condition; that petitioners should pay to said defendant until such time the monthly sum of $125 commencing October 1, 1935; that petitioners should pay the delinquent taxes and other taxes coming due; that defendant Linville should rent the house, if possible, and develop and market the crops, using the proceeds, when necessary, for upkeep and care of the premises, and applying any surplus to the obligations under the note; that said defendant should account to the court for all collections and expenditures. It was finally provided that if petitioners defaulted in any of these matters, upon a

showing of such default to the court, it would vacate the order postponing the sale.

Petitioners gave notice of appeal from this decree on October 19, 1935. Thereafter, in accordance with the provisions of the decree, defendants moved to vacate the same on the ground that petitioners had failed to comply with its terms. A hearing was had, and on November 1, 1935, the court made its order vacating the decree of postponement. Petitioners then perfected an appeal from this order. By stipulation, both appeals are taken on the same record. After the filing of petitioners' opening brief, defendants and respondents made a motion to dismiss the appeal or affirm the orders of the lower court. After the hearing on the motion, the cause was ordered submitted on the merits.

The only important issue raised by the briefs is whether the lower court exceeded its authority under the Mortgage and Trust Deed Moratorium Act in making the first decree, and the order vacating the same. The statute, section 5, provides that the court may postpone the sale "if it finds equitable grounds for relief", or it may dismiss the proceedings. If it orders the sale postponed, "it shall determine the reasonable value of the income from such property, or if the property has no income, then the reasonable rental value of such property, or if the property is unimproved, a reasonable sum to be paid by the trustor or mortgagor as determined by the court, and by such order shall require the trustor or mortgagor to pay all or at least a reasonable part of such income, rental value, or sum so determined by the court, in or toward the payment of taxes, insurance, interest, or principal of the indebtedness at such times and in such manner as are determined to be just and equitable under the circumstances". Section 6 provides: "The court must include in such order provisions requiring maintenance and repair by the trustor or mortgagor, regulating the disposition of any income from the property and such other provisions as it deems just and equitable for the protection of the security, but in no event shall the court order the payment by the trustor or mortgagor of a lesser sum than necessary to pay (a) current taxes, (b) all delinquent taxes, except that such taxes may be paid in installments as may be provided by law, and (c) any insurance premiums required to be paid by the debtor under the contract between the parties."

Petitioners contend that under the above provisions, the court had no authority to give defendant Linville possession of the property, or to require the payment of money in excess of the income of the property, and in excess of a sum sufficient to pay taxes and insurance. However, the court found that the property had been so neglected by petitioners that it was not only not producing income, but was in danger of serious deterioration. It was for these reasons that the court required the payment of money by petitioners, and gave possession to the defendant. The provisions of the statute quoted above appear to warrant such a payment where no income is produced; and in giving possession to defendant, the court was making provision for "the protection of the security", under section 6, *supra*. No authority in point has been presented to us, and there is no convincing showing made that the court in this respect has gone beyond the broad equitable powers vested in it by the statute.

Petitioners also make the point that the court had no power to vacate the decree postponing the sale, because an appeal therefrom was then pending. But the order of the court, "vacating" its judgment, was in conformity with the terms of the judgment itself. The court did not unconditionally decree a postponement of the sale, but made the postponement conditional upon certain acts being performed by petitioners. They failed to perform these acts and the court thereupon terminated its conditional decree. This was not, therefore, a case of vacating a judgment because of a different view of the law or facts. It seems clear that the only inquiry which the court could make was whether the petitioners had complied with the conditions of the judgment, and only for noncompliance with these conditions could the judgment be set aside.

Petitioners nevertheless contend that the appeal from the judgment deprived the trial court of any power over it. The question whether a court retains power to vacate a conditional judgment on the single ground of noncompliance with its conditions, despite the taking of an appeal, is a difficult one, and no authorities in point have been presented to us. Moreover, in view of our conclusion on the merits of the cause, it is unnecessary to determine this procedural issue. The original judgment granting the petition for postponement of the sale was a final judgment in a special proceeding, and appealable as such. (*Boggs* v. *North American Bond & Mort-*

*gage Co.,* 6 Cal. (2d) 523 [58 Pac. (2d) 918].) The order vacating it was a special order after final judgment, and likewise appealable. We have, in this opinion, considered the appeal by petitioners from the judgment, and we find it to be without merit. In other words, the conditions imposed by the trial court on the postponement of sale were within its authority, and consequently when petitioners failed to comply with these conditions, the court was justified in vacating the judgment and permitting the sale to proceed. Under these circumstances, whether the court lost such authority during the pendency of the appeal is a technical question which petitioners are in no position to raise. The extent of the relief which they could receive on this appeal would be a reversal of the order vacating the judgment; but the judgment itself would stand affirmed, and the trial court could immediately proceed again to vacate the postponement. In short, since this appeal is determined adversely to petitioners on the merits, they are not aggrieved parties, and are not entitled to a reversal on any technical ground such as that urged.

The motion to dismiss the appeal is denied. The judgment and order are affirmed.

Shenk, J., Thompson, J., and Seawell, J., concurred.