[L. A. No. 864.   Department Two. — July 30, 1901.]

MARY H. BANNING, Appellant, v. W. F. MARLEAU, Respondent.

CLAIM AND DELIVERY — JUDGMENT FOR DEFENDANT — IMMATERIAL OMISSION IN FINDINGS — RIGHT OF POSSESSION AT TIME OF SUIT. — Where the judgment in an action of claim and delivery is for the defendant, for a stipulated sum, the omission to make a finding as to the right of possession at the time of the commencement of the action is immaterial.

ID. — ATTACHMENTS IN JUSTICE'S COURT — AFFIDAVITS — DOCKET OF JUSTICE — SECONDARY EVIDENCE — SUPPORT OF FINDING. — Affidavits for attachments in a justice's court are not required to be noted in the docket of the justice; and where they are lost, secondary evidence of their existence and contents is sufficient to support a finding based thereon.

ID. — SALE IN FRAUD OF CREDITORS — SUFFICIENCY OF EVIDENCE. — A sale in fraud of creditors is sufficiently established by evidence that the debtor was insolvent, and gave a bill of sale to keep his creditors from attaching his property, and that plaintiff then knew that he was insolvent, and that the notes upon which the property was attached, though given subsequently to the bill of sale, were on account of a previous long-existing debt.

ID. — FRAUDULENT SALE VOID AS TO SUBSEQUENT CREDITORS. — Where actual fraud is established, the sale is void as to subsequent creditors, as well as to prior creditors.

ID. — DECLARATIONS OF DEBTOR AFTER FRAUDULENT TRANSFER — ADMISSIBILITY — ORDER STRIKING OUT. — Where the transfer of personal property is merely colorable, with no visible change of possession or control, and there is satisfactory proof of conspiracy to de-

fraud the creditors of the vendor, his declarations, made subsequent as well as prior to the transfer, are admissible to establish the fraud; but where, before the submission of the cause, all declarations made by the vendor after the sale were ordered stricken out, the vendee cannot be prejudiced by their admission.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court and in the opinions upon former appeals therein referred to.

W. S. Wright, and J. L. Murphey, for Appellant.

R. Dunnigan, Dunnigan & Dunnigan, and J. R. Dupuy, for Respondent.

HENSHAW, J.—The facts concerning this action and the law of the case will be found in the opinions of this court upon former appeals, reported in 101 Cal. 238, and 121 Cal. 240. This trial was without a jury. The value of the property was stipulated. The court found against the plaintiff, and gave judgment for defendant for the return of the property, or its value,—six hundred dollars. Plaintiff appeals.

The property had been seized under writs of attachment issued by the justice's court in an action in which one Dr. Hannon was defendant. It was taken from the possession of Dr. Hannon while upon a ranch which was the property of the plaintiff. The plaintiff claimed title to the property, under a bill of sale from Dr. Hannon. Dr. Hannon's testimony, which was accepted by the court, showed the sale was colorable merely, was not intended by the parties to be a transfer of the title, but was designed as a fraud against the creditors of Dr. Hannon, to save the property from attachments and execution levies which he feared. Hannon was at the time, according to his own testimony, overwhelmingly in debt. The findings are supported by the evidence.

The numerous technical points urged by· appellant have been given due consideration, but for the most part they do not merit discussion. It is contended, for example, that the judgment is not supported by the findings, because of the absence of a finding as to the right of possession at the time of the commencement of the action; and the cases of *Cooke* v.

*Aguirre*, 86 Cal. 479, and *Fredericks* v. *Tracy*, 98 Cal. 658, are relied on. In those cases the plaintiff had recovery. The basis of plaintiff's right of recovery was his right of possession at the time of the commencement of the action, and the cases were properly reversed, because of the absence of a finding as to the value of the property, and an absence of a finding as to the amount of plaintiff's damage. What application they can have to this case, where the value is stipulated, where the findings of the court are wholly against the ownership of the plaintiff, and declare that at the time of the attachments levied by the constable, Hannon was the owner and in possession of the property, we fail to perceive, and upon it we are not enlightened.

Again, the affidavits upon which the attachments had been issued from the justice's court were lost, and it thereby became necessary by secondary evidence to prove these papers and their contents. This was done, and the judgments in the cases admitted in evidence without objection, but the objection is here made to the sufficiency of the evidence supporting the findings, that the docket of the justice does not show that affidavits upon attachment were filed. The law does not require the entry, in the justice's minutes, of this fact. (Code Civ. Proc., sec. 911.) Again, it is said that there is no evidence in the record to show any formal attachment or any return by the officer. The writs and their returns were offered and admitted in evidence, and the bill of exceptions contains a statement of this fact. Again, it is said that there is no evidence to show that Hannon was indebted to any person at the time he gave the bill of sale. The plaintiff herself testifies that she had become aware of the fact that Dr. Hannon had become insolvent and unable to pay his proportion of the debt of the ranch. Hannon testified to the same effect, and explaining how he gave the fraudulent bill of sale, says that the object was to keep the property on the ranch; "I did not want it attached for my debts, and thought it might be. It was not a drop in the bucket toward paying them." Again, it is said that the attaching creditor was a creditor subsequent to the giving of the bill of sale, and that the sale was valid, therefore, as to him. There is no evidence in the record to this effect, saving the evidence that the promissory notes, which were the foundation of the action in the justice's court, were

dated subsequent to the date of the bill of sale. But the testimony is that the notes were given by Hannon on account of a long-existing debt; and even in the case of subsequent creditors, where actual fraud is established, the sale is void as to them, as well as to prior creditors. (Bump on Fraudulent Conveyances, sec. 295; *Brown* v. *O'Neal*, 95 Cal. 262.[1]) Appellant further complains of the rulings of the court in permitting evidence as to the statement of Dr. Hannon concerning the ownership of the property after he had made the bill of sale. The answer to this is twofold: 1. Where there has been a colorable transfer of personal property, with no visible change of possession or control, and where there has been satisfactory proof of conspiracy to defraud, hinder, or delay the creditors of the vendor, his declarations, both antecedent and subsequent to the transfer, are competent to establish the fraud. "They are admissible, not because any peculiar credit is due to the party in possession, but because they qualify and characterize the very fact to be investigated." (Bump on Fraudulent Conveyances, secs. 598–600.) 2. Before the submission of the cause for decision, the court ordered all the declarations of Dr. Hannon, made by him after the sale, stricken from the case.

No other of appellant's points seems to call for discussion, and for the foregoing reasons the judgment and order appealed from are affirmed.

McFarland, J., and Temple, J., concurred.

---

[1] 29 Am. St. Rep. 111.