[L. A. No. 1658.  In Bank.—April 2, 1907.]

## SARAH M. HEMENWAY, Appellant, v. MABEL THAXTER et al., Respondents.

FRAUDULENT CONVEYANCE—VOLUNTARY CONVEYANCE BY INSOLVENT—SUBSEQUENT CREDITORS—EVIDENCE. — Under section 3442 of the Civil Code, any transfer made or given voluntarily or without valuable consideration, by a party while insolvent, or in contemplation of insolvency, is fraudulent and void as to existing creditors, and a conveyance so made is *prima facie* evidence of fraud against subsequent creditors; and in an action involving the *bona fides* of such a conveyance, it is for the trial court to determine whether the *prima facie* case of fraud has been overcome by other testimony.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Tom C. Thornton, and Clarence Thompson, for Appellant.

F. C. Austin, and W. P. L. Stafford, for Respondents.

THE COURT.—This cause was certified to this court upon the disagreement of the justices of the district court of appeal of the second district. While the action was pending before

that court the following opinion was prepared by Allen, J., and that opinion is hereby adopted as the opinion of this court:—

"Action by plaintiff to enjoin the defendants from selling under execution certain real property. Findings and judgment for the defendants; a new trial denied, and from the judgment and order denying a new trial plaintiff appeals.

"Plaintiff in her complaint alleges ownership as her separate estate of a tract of land in San Bernardino County, which defendants were threatening to sell under execution to satisfy a judgment against her husband.

"The material facts involved in this appeal may be summarized as follows: Mrs. Alvira Brown, the mother of the plaintiff, loaned to the plaintiff's husband, about the year 1865, the sum of three thousand dollars, for which plaintiff's husband executed his note. A portion of this money was invested in real property in Illinois, which was sold and five thousand dollars realized by plaintiff's husband therefrom. This money was reinvested by the husband in certain real property in San Bernardino County, the subject of this action, in the name of the plaintiff's husband, who, with plaintiff, his wife, on January 1, 1898, signed a conveyance of such property to Alvira Brown, plaintiff's mother. At the time this deed was signed Mrs. Brown was absent from California and knew nothing about its execution; although previously it had been agreed between plaintiff, her husband, and Mrs. Brown that the property should be conveyed to Mrs. Brown, who was to fix the property in plaintiff's hands so there should be no trouble if anything should happen suddenly to the husband. Afterwards, on June 28, 1898, Hemenway and his wife acknowledged this deed, so as to entitle the same to record, and the same was placed by Hemenway on record June 29, 1898. At the time these last two conveyances were delivered, Mr. Hemenway owed one Simonsen about sixteen hundred dollars. Simonsen brought two suits against Hemenway to recover this indebtedness, in one of which actions an attachment was issued, and on June 24, 1898, the same was levied upon the property involved in this action; in the other, which involved the six hundred dollars indebtedness, no attachment was issued. Judgments in these actions were subsequently rendered, one for one

thousand dollars and one for six hundred dollars. Execution was issued out of the one-thousand-dollar judgment, and the premises described in the complaint were sold and redeemed. The judgment for six hundred dollars in favor of Simonsen was and is unpaid. At the time of the conveyances mentioned, Hemenway owed no other debts other than the debt to Simonsen and a debt claimed by him to be due Mrs. Brown on account of the original three-thousand-dollar loan and accumulated interest. Afterwards, in September of 1900, Hemenway contracted an obligation in favor of defendant Thaxter for twenty-five hundred dollars, on account of which judgment was rendered in July of 1902, out of which judgment the execution the enforcement of which is sought to be restrained issued.

"Upon the trial of this action the court found: That plaintiff was not the owner as her separate estate of the premises; that the said premises were purchased with community funds; that the conveyance by Hemenway and his wife to Mrs. Brown was a voluntary conveyance, made with intent to hinder, delay, and defraud existing and subsequent creditors; that Hemenway had existing creditors at the time; that the conveyance by Mrs. Brown to Mrs. Hemenway was voluntary and without consideration, and was made to her in furtherance of the intent of said Hemenway to hinder, delay, and defraud creditors; that Hemenway by such conveyance became insolvent and has not at any time since said conveyance had any property not exempt from execution; that the claimed indebtedness of Hemenway to Alvira Brown was a pretext only for the conveyance; that Hemenway has continued in possession ever since the conveyance; that the judgment in favor of Mrs. Thaxter is wholly unpaid. And as a conclusion of law, the court found that Mrs. Thaxter, the subsequent creditor, is not defeated of her right to attack the fraudulent transfer, and that restraining order theretofore granted should be dissolved. A decree was entered accordingly.

"It is insisted by appellant that there is no evidence warranting the finding of the court that the deed from Hemenway to Mrs. Brown and the deed from Mrs. Brown to Mrs. Hemenway were in either case fraudulent, voluntary, or without consideration, or that the same was in fraud of

creditors and void; and further, that were it to be conceded that the conveyances were in fraud of the existing creditor Simonsen, subsequent creditors could not successfully attack such conveyances under sections 3441 and 3442 of the Civil Code.

"As to the voluntary character of the conveyances, there was much conflict between the testimony and the circumstances connected with the transaction, and an examination of the record indicates to us that the finding of the court that the conveyances were voluntary should not be disturbed. A trial court may very properly determine that direct evidence is successfully rebutted by circumstances and conduct of parties inconsistent with such direct evidence. There is much in the record indicating that the claimed indebtedness of Hemenway to Mrs. Brown was a pretense only, and that the true intent of the parties by the conveyance was to vest the title in plaintiff without valuable consideration being paid therefor. There is, in fact, much in the direct testimony of Hemenway indicating this fact. He testifies that it was agreed between himself and Mrs. Brown that the property should go to the plaintiff. He further testifies that he does not know how long Mrs. Brown kept the note for three thousand dollars originally executed by him to her, and does not know whether it was taken up and destroyed in five, twenty-five, or thirty years; that he executed to Mrs. Brown many notes for other loans and had various settlements; and his only statement connecting the note with the conveyance to Mrs. Brown is that a note was surrendered by Mrs. Brown when the deed was executed; but what note it was, for what amount, and whether it was then a subsisting obligation or not, is not disclosed. That the conveyance, if voluntary, was in fraud of Simonsen scarcely requires argument. Section 3442 of the Civil Code provides that 'any transfer . . . made or given voluntarily, or without valuable consideration, by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors.' Hemenway admits that by this conveyance he divested himself of all property liable to execution; that he became thereby, and has ever since remained, insolvent. The consequence of this conveyance being, then, to render Hemenway insolvent, he will be presumed to have intended its natural consequence,

from which follows an intent to become insolvent, or contemplated insolvency, in the language of the act. The finding of the court as to the insolvency of Hemenway is sufficient in its terms to establish that fact.

"There remains, therefore, only the question as to the right of a subsequent creditor to attach such conveyance upon the ground that it is also in fraud of him. The rule laid down in *Horn* v. *Volcano Water Co.*, 13 Cal. 62, [73 Am. Dec. 569], approved in *Banning* v. *Marleau*, 133 Cal. 488, [65 Pac. 964], that 'evidence of an intent to defraud existing creditors is deemed sufficient *prima facie* evidence of fraud against subsequent creditors,' has never been criticised or modified to our knowledge. Applying this rule, therefore, we must conclude that, even though fraudulent intent is a question of fact, and not of law as laid down in section 3442 of the Civil Code, where the fraud as to existing creditors is established as a question of fact, it is also established *prima facie* as to subsequent creditors. It was for the trial court to say whether this *prima facie* case had been overcome by other testimony. It determined the matter adversely to the appellant, and under the familiar rule must be accepted. The finding of the court that the conveyance was fraudulent and void, if warranted, effectually disposes of the claim of plaintiff that such conveyance vested the property in her as her own separate estate; for, being void, it was not effectual for the conveyance of any estate."

It is therefore ordered that the judgment and order be affirmed.