[S. F. No. 12804. In Bank.—March 25, 1929.]

ADELINE FARIA et al., Appellants, v. A. BRANDON et al., Respondents.

O. H. Speciale and Owen D. Richardson for Appellants.

E. H. Christian for Respondents.

LANGDON, J.—This is an appeal from an order denying plaintiffs relief in an action brought to secure a preliminary injunction against the sale by the sheriff of certain real property in Alameda County, California, under execution issued upon a judgment in favor of defendant Brandon and against one Frank F. Faria, the husband and father of the plaintiffs, and their predecessor in interest in the property. The judgment thus sought to be enforced was for $2,829.53. A declaration of homestead had been filed upon the property by Adeline Faria, and the judgment creditor, the defendant Brandon in the present action, had petitioned the court to appoint appraisers of the property claimed as a homestead and to subject the surplus, if any, over the statutory amount, to execution upon his judgment. It was found by the appraisers that the property could be readily divided, the dwelling-house, outhouses and a portion of the land to the value of $5,000 being separable as a homestead for the claimant, and the balance of the land, of a value of approximately $14,000, being available to satisfy the claims of the judgment creditor. Upon this hearing there was also introduced in evidence the judgment-roll in a prior action between the parties hereto and some additional ones, in which the same creditor had sought to subject this

same property to payment of a judgment against Frank Faria in the sum of $432, and in which action the court had found that the property was liable for the amount of the judgment against Frank Faria, as the property in question had been granted by him to his wife, Adeline Faria, without consideration, at a time when he was insolvent and with the intent to hinder, delay and defraud creditors. Upon the introduction of this judgment-roll in the prior action the trial court stated to counsel that the parties were the same in both actions, and it appears that no dissent was made by counsel. Thereupon the court refused to grant the injunction staying the execution.

We think the action of the trial court in this matter was entirely proper under the circumstances. Plaintiff Adeline Faria has been secured in her homestead right and the surplus only of the property is subjected to the payment of the judgment against Frank Faria. It has been duly adjudged that Faria conveyed to his wife without consideration and when he was insolvent and for the purpose of hindering, delaying and defrauding his creditors. The court has also found that any interest which the other plaintiffs herein have in the property was acquired by them without consideration through a deed executed by their mother, Adeline Faria.

It is stated by counsel for respondents that the question involved here is now moot, as the sale under execution has already taken place, and this statement is uncontradicted by the appellants. If this be true, it but furnishes an additional reason for the affirmance of the judgment and order appealed from.

The judgment is affirmed.

Richards, J., Seawell, J., Preston, J., Shenk, J., Curtis, J., and Waste, C. J., concurred.