[Civ. No. 6809. First Appellate District, Division Two.—July 18, 1929.]

FRANK F. FARIA, Respondent, v. MANUEL BRUM BETTENCOURT et al., Appellants.

50

O. H. Speciale and Owen D. Richardson for Appellants.

E. H. Christian for Respondent.

NOURSE, J.—Plaintiff sued to quiet title to real property situated in Alameda County and to require the defendant Bettencourt to execute a deed of conveyance in accordance with an oral agreement so to do.  The trial court found for the plaintiff and entered judgment as prayed in the amended complaint.  The defendants appeal on typewritten transcripts.

In the month of May, 1911, the plaintiff became engaged to Adeline Bettencourt, the daughter of the defendant Manuel.  In consideration for the promise to marry the daughter, to build a home upon the lands described, and to live upon and improve the same, the defendant Manuel promised to convey said lands to the plaintiff.  A tract of land, .266 acres in extent, and of about $250 in value, was measured off and marked by this defendant by a substantial fence and the plaintiff erected on the premises a home at a cost of $3,000 and expended $125 in other improvements.  Thereafter the plaintiff and Adeline were married (January 31, 1912) and continued in such relation until November 30, 1927, when a final decree of divorce was entered.  The other defendants, Harold and Philip Faria, are the issue of this marriage.  The plaintiff and his wife moved into the home constructed by him and they continued to occupy the premises for about four years.  The place was then rented by the plaintiff, who received the rents and paid all taxes and charges thereon.

The trial court found that since the month of May, 1911, and until the trial of the action, the plaintiff had been in the continuous, visible, notorious and exclusive possession of the premises, that the rental value of the land, exclusive of the improvements made by the plaintiff, did not exceed $10 a year, and that the improvements made by the plaintiff far exceeded the value of the bare land. The evidence is without substantial conflict, except that, on the part of the defendants, testimony was received to show that the promise of the defendant Manuel was to convey the land to the plaintiff's family rather than to the plaintiff alone, and the defendant Adeline testified that she received the rents from the premises after the family had moved, and that she paid the taxes. Evidence was also tendered of a deed executed by the defendant Manuel in 1915 conveying a life estate to Adeline with remainder to the heirs of the plaintiff and Adeline.

On this appeal the appellants have not attacked the findings as not supported by the evidence, but they attack the evidence as not being sufficiently clear and convincing to establish a trust. If this were an action for that purpose the cases cited by appellants would be in point, but this is an action to quiet title to one in possession and the deed of conveyance is demanded merely as incidental relief in order that the legal title may rest with the equitable title.

The appellants argue that respondent is barred by his laches. This defense was not raised in the trial court but it is presented for the first time on this appeal. Laches is a defense which must be pleaded and proved unless it appears on the face of the complaint (*Victor Oil Co.* v. *Drum,* 184 Cal. 226 [193 Pac. 243]), and, in addition to the mere lapse of time in bringing the suit, it must appear that the defendant has been prejudiced by the delay. (10 Cal. Jur., p. 530; *Victor Oil Co.* v. *Drum, supra.*) No prejudice to any of the appellants appears on the face of the complaint or from any testimony which might be applicable to this defense if we were to consider the point properly before us.

It is argued that respondent is barred by various statutes of limitation. But the respondent was found to have been in possession during the entire period under a claim of title and, as to him, no statute of limitation would

run to divest him of title or possession. ██ As to the wife, she could not obtain title by adverse possession during coverture (*Madden* v. *Hall*, 21 Cal. App. 541, 550 [132 Pac. 291]), and this relation continued until the entry of the decree of divorce on the same. day this cause was tried. The appellant Bettencourt made no claim of adverse possession and, of course, no claim could be advanced on behalf of the minor children.

Respondent's case is planted upon the rule of *Peixouto* v. *Peixouto*, 40 Cal. App. 782, 789 [181 Pac. 830, 833], where, in a case of similar facts, it was said: "The owner of the equitable title is supposed, for the purposes of a court of equity, to have acquired and to hold the title, and the court will compel the conveyance of the legal title only because the equitable title is not recognized in a court of law; but where it is recognized, it constitutes ownership, and it cannot be lost by the bar of the statute while the owner is in actual possession and enjoyment of his estate. . . . Since the (vendee) could not be divested of his title by the operation of the statute, it follows that, having the equitable title, he is entitled to enforce a conveyance of the naked legal title as an incident to such equitable ownership. As long as the equitable title exists, it must exist with all its incidents."

The judgment is affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 16, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 12, 1929.

All the Justices present concurred.