[S. F. No. 13937. In Bank.—May 13, 1932.]

A. BRANDON, Respondent, v. FRANK F. FARIA et al., Defendants; ADELINE FARIA et al., Appellants.

O. H. Speciale and Owen D. Richardson for Appellants.

E. H. Christian and E. S. Leslie for Respondent.

PRESTON, J.—Appeal from judgment quieting the title of plaintiff to real property situate in Alameda County, California. Before attempting to state the facts of this case, a review will be made of prior litigation between these parties involving the property in question.

Frank E. Faria and Adeline Faria were married in 1912, defendants Harold A. and Philip E. Faria being the minor children of that marriage. In 1915 Mr. and Mrs. Faria purchased a ranch; in 1922 Mrs. Faria selected and impressed it with a homestead. In 1923 Mr. Faria was in an automobile collision and he, with others, was sued for $50,000 damages resulting from the death of one of the parties due to said accident. Some five months later, to wit, on April 4, 1924, he executed to his wife a gift deed to the ranch, which deed was immediately placed of record. Mrs. Faria thereafter instituted divorce proceedings against him and in July, 1926, she was granted an interlocutory decree of divorce upon the ground of extreme cruelty. In October, 1926, by deed of gift, she conveyed the said real property to the two minor children, reserving to herself a life estate therein.

In February, 1927, action No. 93935 was brought against Mrs. Faria, Mr. Faria and the two children by one Brandon (this plaintiff), who alleged that on February 5, 1927, a money judgment for $432.76 had been entered in favor of his assignor and against Mr. Faria; that execution had issued thereon and had been returned wholly unsatisfied; that said deed of gift of the ranch property was without consideration and made with the intent and purpose to hinder, delay and defraud the creditors of Mr. Faria, wherefore he prayed that

the deed be declared void. Mr. Faria defaulted, became a witness for Brandon and testified that he had conveyed the property to his wife so that it would not be lost to them as a result of the suit growing out of said automobile collision. The wife and children answered denying Mr. Faria's insolvency and the alleged fraudulent purpose of the deed. The court, however, found in accordance with the allegations of the complaint and entered judgment in favor of Brandon for the sum prayed for. Mrs. Faria had previously deposited this amount in court and the judgment was therefore satisfied on June 23, 1927.

About a week prior to said satisfaction of judgment, to wit, on June 16, 1927, said Brandon had filed another suit, No. 96338, against Mr. Faria, alleging that there was due him as assignee of certain creditors of Mr. Faria, the sum of $2,829.53, interest and costs, growing out of the principal and interest due on a $300 promissory note executed to one Christian by Frank Faria on March 19, 1927; another promissory note for $1500 executed to said Christian by Frank Faria on February 4, 1927, and a balance of $560.78 due one Hirsch on an automobile sales contract executed by said Faria. Frank Faria defaulted and judgment was entered against him in the sum prayed for on June 28, 1927. On the same day execution was issued thereon and levied upon the said ranch property.

The said Brandon thereupon instituted execution proceedings wherein, after the appointment of three persons to appraise the property claimed as a homestead, an order was made confirming their report, setting apart to Mr. and Mrs. Faria a portion of the ranch as a homestead and permitting execution of said judgment upon the remainder. Mrs. Faria appealed from this order, alleging the said gift conveyance to her by her husband and her gift conveyance to the minor children, subject to a life estate in her. In passing upon this appeal it was held that the deed from Mr. Faria to his wife did not impair the homestead nor did the interlocutory decree of divorce or the final decree of divorce subsequently entered have that effect; that, however, as to the remainder of the property, the judgment-roll in said action 93935 contained a finding that the deed thereto from Mr. Faria to Mrs. Faria, was without consideration and made with the intent to delay, hinder and defraud the creditors of Mr.

Faria; therefore, even assuming that the debt sought to be enforced was incurred after the execution of the said deed, nevertheless "the facts found above were *prima facie* evidence of an intent to defraud subsequent creditors (*Hemenway* v. *Thaxter*, 150 Cal. 737 [90 Pac. 116]), which fraud respondent (Brandon) as an assignee of a creditor could assert (*Kemp* v. *Enemark*, 194 Cal. 748 [230 Pac. 441])"; hence the order was affirmed. (*Brandon* v. *Faria*, 99 Cal. App. 594 [279 Pac. 192].)

Again, in an action by Mrs. Faria against Brandon, on appeal from an order denying her a preliminary injunction against sale by the sheriff of said property under the execution issued upon said $2,829.53 judgment, this court affirmed the order upon the following grounds: That Mrs. Faria had been secured in her homestead right; that the surplus only of the property was subjected to the payment of said judgment; that it had been duly adjudged that said deed from Mr. Faria to his wife was without consideration made when he was insolvent for the purpose of defrauding his creditors; that the deed to the minor children was without consideration and that it was uncontradicted that the execution sale had already taken place. (*Faria* v. *Brandon*, 206 Cal. 730 [276 Pac. 106].)

This controversy was again before the District Court of Appeal, in an action by Mr. Faria against Mrs. Faria and the children, wherein a judgment had been entered setting aside the deed from Mr. Faria to Mrs. Faria and the deed from Mrs. Faria to the children. Mrs. Faria and the other defendants appealed contending that as it had been judicially determined that the husband's purpose in conveying the ranch to his wife was to defraud his creditors, he was precluded from seeking to recover it back and further contending that the evidence failed to prove that Mrs. Faria had unduly influenced her husband to make the deed to her. The court again reviewed the history of this controversy saying: "It thus appears that twice have the courts of appellate jurisdiction recognized the decision in *Brandon* v. *Faria* (No. 93935), as being a determination of the fact that the purpose of the gift deed . . . from Faria to his wife was to hinder, delay and defraud creditors. . . . If such was the purpose of the deed the law will not allow Faria to recover back the property he has fraudulently conveyed,

for the rule in such case is that as soon as the fraudulent purpose of the conveyance is disclosed by the evidence, the trial court will leave the parties where it finds them. (12 Cal. Jur. 1026, and cases cited.)'' The court then further held that the evidence was legally insufficient to establish, as against the wife, a case of undue influence or actionable fraud in favor of the husband and accordingly it reversed the judgment previously entered in his favor. (*Faria* v. *Faria*, 100 Cal. App. 177 [280 Pac. 187, 188].)

We now arrive at the present action, which was instituted on October 29, 1929, by said Brandon against Mr. and Mrs. Faria, the minor children and others, seeking to quiet the title to said property obtained by him from the sheriff by reason of his purchase at the execution sale in said action 96338. Defendant Frank Faria defaulted and all other defendants were dismissed except Mrs. Faria and the children, who answered, alleging that Mr. Faria, plaintiff Brandon, and the Christian above mentioned, had entered *into* a conspiracy to deprive them of the said property, all in the interest of Mr. Faria. They claimed that Mr. Faria had executed the said $1500 and $300 notes to Christian, an attorney, without any consideration other than legal services to be thereafter performed by him; that Christian had assigned the notes to Brandon and had also caused said Hirsch to assign his automobile contract claim to Brandon, thus increasing the demand against Mr. Faria, all in order to deprive defendants of the property, to permit Brandon to secure the $2,829.53 judgment in action 96338 and to bring this action and to permit Christian to act as attorney in all these matters, aided by Mr. Faria and looking toward his interests.

This cause came to trial. The judgment-rolls in actions 96338 and 93935 were admitted in evidence as well as the complaint and *remittitur* from the District Court of Appeal in action 96551 (*Faria* v. *Faria, supra*). Testimony was given by Christian, Hirsch and Mrs. Faria. The complaint and decision in action 96551 showed that Mr. Faria was there represented by Mr. Christian. Mr. Christian also admitted that he represented Mr. Faria in action 97440, wherein judgment for respondent Faria was affirmed by the District Court of Appeal on July 18, 1929 (*Faria* v. *Bettencourt*, 100 Cal. App. 49 [279 Pac. 679]). He further testified that

during the fall of 1926, Mr. Faria consulted him many times regarding proposed litigation; that the two notes for $1500 and $300, respectively, were given him by Mr. Faria for legal services already rendered and to be thereafter rendered and that he knew at said time of the execution of said gift deed to Mrs. Faria, which was claimed to be fraudulent as to creditors. Mr. Hirsch testified that he had assigned his claim, which represented a renewal in 1924 of an indebtedness incurred by Mr. Faria in 1921 to plaintiff Brandon, but that he did not know of the said alleged fraudulent gift deed until informed of it by Mr. Christian after May 8, 1924; that at the time Mr. Faria purchased the automobile from him in 1921, he gave him credit for $300 or $400 on said contract in return for two horses; that in 1924 he took a new note for the unpaid balance then due; that he received no consideration for the assignment to Brandon; that the debt was never paid and he never got the car back, but one McCord finally took it from the ranch and gave it to Mr. Faria. Mrs. Faria testified that at the time said contract was made she had told Mr. Hirsch that it was her ranch and that she did not want the automobile; that, however, it was awarded to her by the judgment in the divorce action, but Mr. Hirsch told her that she could only keep it if she gave him $200; that she said she had no money and he finally took the car away from her.

The most that can be said of the testimony in favor of defendants is that it created a conflict in the evidence. This conflict the trial court resolved in favor of plaintiff Brandon. The court found that plaintiff was the owner in fee simple and entitled to possession of the property; that as a result of the execution sale in action 96338 and after expiration of the period of redemption, to wit, on August 1, 1929, he had acquired a deed to said property from the sheriff; that Mr. Faria had made said gift deed to his wife without consideration, at a time when he was insolvent and with the intent and purpose to hinder, delay and defraud his existing creditors, particularly Petersen Bros., to whom he owed $432.76, and also his future creditors, particularly this plaintiff. The court further found that the deed from the wife to the children was made without consideration and that these parties have no interest in the property. It also found to be untrue all the allegations with respect to the purported

conspiracy to enable Mr. Faria to recover the said property. In accordance with these findings, judgment was entered for plaintiff, quieting his title to the property, and the defendants wife and children have appealed.

The above statement of facts, although lengthy, practically disposes of this appeal. Not only does the evidence clearly support the findings in every respect but the several findings and judgments in the prior actions have effectually disposed of any issues which might be raised here. Appellants claim that the judgment in action 96338 did not make the gift deed to Mrs. Faria *prima facie* fraudulent as to subsequent creditors and that both Christian and Hirsch were subsequent and not existing creditors. We shall not discuss this subject again. (See the several pronouncements heretofore made and above reviewed; *Faria* v. *Faria,* 100 Cal. App. 177 [280 Pac. 187], and cases there cited; *Brandon* v. *Faria,* 99 Cal. App. 594 [279 Pac. 192]; *Faria* v. *Brandon,* 206 Cal. 730 [276 Pac. 106].)

The further contention of appellants is that the judgment here and the judgments in action No. 96338, which was predicated on assignment of the Christian and Hirsch debts to Brandon, were collusive and obtained in the interest of Frank Faria. Without passing upon the right of appellants, in this proceeding, to attack the judgments growing out of action No. 96338, we need only say that no convincing proof of collusion or conspiracy appears in the record before us. The evidence, although not without some conflict, nevertheless offers ample support for the findings and judgment of the court below and they will not be disturbed upon appeal.

The judgment is affirmed.

Curtis, J., Seawell, J., Shenk, J., Waste, C. J., and Tyler J., *pro tem.*, concurred.

Rehearing denied.