[Civ. No. 26174. Second Dist., Div. Three. Apr. 17, 1963.]

ETHEL C. DaSILVA, Plaintiff and Respondent, v. GRACE ELIZABETH REEVES, Defendant and Appellant.

Kates & Kates and Francis E. Smith for Defendant and Appellant.

Rogan & Radding and Eugene Radding for Plaintiff and Respondent.

FILES, J.—This is an appeal by defendant from a judgment quieting title to certain real property and awarding to plaintiff a recovery of oil royalties which had been received by defendant while purporting to be the owner of the property. Plaintiff and defendant are sisters. The trial court made findings of fact to the following effect: Plaintiff, Ethel DaSilva, had owned the property since 1943. In 1947 she gave her father, William Reeves, Sr., a power of attorney. Reeves, Sr., was not authorized to make a gift of the property, but, in violation of his duties as a trustee for plaintiff, he conveyed the property in 1955 to his daughter-in-law, Doris Reeves, without consideration. On May 14, 1956, Doris conveyed the property without consideration to defendant. On November 17, 1956, Doris also deeded the property

to Reeves, Sr., who on November 19, 1956, deeded it to plaintiff.

Plaintiff testified that after the property was deeded to her in 1943 she always paid the taxes on it. She negotiated oil leases for the property. When she was out of town her father collected the income for her and either sent it to her or deposited it to her account. The power of attorney was executed because she expected to be out of town while some negotiations for an oil lease were pending.

There was evidence in the record that William Reeves, Jr., had held title to this land prior to 1934, when he deeded it to plaintiff at the request of his father. Plaintiff's title in 1943 was acquired through a grant deed to her from a Jessie R. Boyd, who is not otherwise identified in the record.

Doris testified that she had received deeds from her father-in-law relating to a great deal of land which he put in her name for his convenience; that she acted as his trustee and signed deeds to such property whenever he requested. It was stipulated that neither plaintiff nor defendant ever gave any consideration for the property.

Reeves, Sr., did not testify. At the time of the trial he was 90 years of age and unable to attend because of illness. The record indicates that his deposition had been taken, but no part of it was offered by either party.

Defendant's theory, as appears from her brief here, is that prior to 1956 Reeves, Sr., was the real owner of the property; that the 1943 conveyance to plaintiff was merely a transfer in trust; but the May 1956 conveyance to defendant was a gift. She does not contend that the evidence is insufficient to support the court's finding that plaintiff acquired actual ownership in 1943.

■ Defendant's first point on appeal is that the trial court erred in not permitting her to introduce evidence of the manner in which Reeves, Sr., dealt in property. In support of this contention she refers to two questions to which objections were sustained. Reeves, Jr., was asked, ''Was your father in the habit of having his children deed property in the family in this way?'' The witness Klinker was asked, ''And when he bought and sold properties, when he bought property, did he customarily put it in his own name or in the name of a member of his family?'' An objection to each of these questions was sustained, no ground of objection being specified in either instance. Defendant made no offer of proof with respect to either witness. After the objection had been sustained to

the question put to Klinker, defendant's attorney made an argument. He stated that it was the contention of defendant that there was a family scheme of trading in real estate, where property was bought and sold by Reeves, Sr., and title taken in the name of one of the other members of the family, and that he used the powers of attorney in working with property in the names of other members of the family.

Giving defendant the benefit of the assumption that the witnesses to whom the questions were put could have answered in a way to support defendant's contention as to the ''family scheme of doing business,'' it does not appear from this record that the answers to the two questions would have aided the court in resolving the issue in this case. There was evidence of a series of intra-family transactions without consideration, managed by Reeves, Sr., with respect to this property and other property. The problem here was to determine which conveyance created a trust and which was a gift. There is nothing in the record to indicate that the expected answer to either question would have shed any additional light on that narrow issue. The ruling, therefore, does not appear to have been prejudicial.

■ Defendant's next contention is that plaintiff should be barred by her laches as a matter of law. Defendant acquired legal title to the property by a deed from Doris dated May 14, 1956, and recorded September 24, 1956. Plaintiff testified that she did not discover that title stood in defendant's name until sometime after a judgment had been obtained in another action which she had brought against Doris. The judgment in the other action was entered April 23, 1959, and the present action was begun October 23, 1959. There was no showing that the delay prejudiced defendant in any way. ■ Whether there has been delay amounting to laches in a particular case is a question of fact for the trial court. (*Williams* v. *Marshall*, 37 Cal.2d 445, 455 [235 P.2d 372].) ■ Here there is ample evidentiary support for the trial court's finding that plaintiff acted promptly and was not guilty of laches.

■ Finally, appellant contends, ''There is no evidence to support [a] finding . . . that the stipulated judgment in case 662059 quieted title to the subject property in the plaintiff as against William H. Reeves, Sr. and Doris Johnston Reeves.'' The trial court received in evidence the superior court record in action 662059, brought by plaintiff against Reeves, Jr., and Doris. Reeves, Sr., had intervened in that

action. The parties to that action stipulated that a judgment be entered quieting the title of plaintiff as against Reeves, Sr., Reeves, Jr., and Doris Reeves, and such a judgment was made and entered April 23, 1959. The property involved in the present action was one of the parcels listed in the stipulation and the 1959 judgment, though it had not been mentioned in the complaint in that action. Defendant here was not a party to the former action.

In the present action the trial court made a finding describing the stipulated judgment which was entered in 1959. Defendant's argument here seems to assume that the trial court based its judgment in the present action upon the 1959 judgment. However, neither the findings of fact and conclusions of law nor the judgment in the present case contains any recital that the 1959 judgment was binding on the defendant in the present action, or that it was res judicata of any issue in the present action.

The finding on this subject was an accurate statement of fact, though it was surplusage. The judgment here rests upon the finding that plaintiff has owned the property since she acquired it in 1943.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.