[Sac. No. 7544.   In Bank.   Nov. 18, 1965.]

EDWARD S. MUKTARIAN, as Executor, etc., Plaintiff and Appellant, v. ROBERT BARMBY, Defendant and Respondent.

Carl Kuchman and Edward S. Muktarian for Plaintiff and Appellant.

Archibald M. Mull, Jr., Bill Holden and Michael S. Sands for Defendant and Respondent.

TRAYNOR, C. J.—In September 1961 William E. Barmby brought this action against his son to quiet title to certain real property. At the close of plaintiff's case, defendant moved for judgment pursuant to Code of Civil Procedure section 631.8. The trial court concluded that the action was barred by the three-year statute of limitations applicable to actions for relief on the ground of fraud or mistake (Code Civ. Proc., § 338, subd. 4) and entered judgment for defendant. Plaintiff appeals.[1]

In late 1947, at age 75, plaintiff married for the second time. Defendant, seeking to prevent the second wife from acquiring certain of plaintiff's property, urged plaintiff to deed the property to him. On December 15, 1947, plaintiff and defendant went to the law offices of Mull & Pierce to execute the deed. Defendant gave no monetary consideration for the deed, and although the trial court found a confidential relationship between the parties, it also found that defendant made no false representations with respect to the deed and exerted neither duress nor undue influence. It further found, however, that the "deed . . . and the recording thereof . . . were contrary to the intentions in the mind of plaintiff at the time of executing said deed."

The deed is labelled "GRANT DEED" and purports to convey the property to defendant subject to a life estate in plaintiff. The trial court found that "the day following the execution of said deed plaintiff discovered from the firm of Mull & Pierce the error as to his intentions as grantor in the granting clause and the recording of said deed." It is not

---

[1]While his appeal was pending, William E. Barmby died, and his executor was substituted as plaintiff and appellant. For convenience, however, we will refer to William E. Barmby as plaintiff.

disputed that at all times after executing the deed plaintiff remained in possession of the property and paid the taxes on it. According to uncontradicted testimony, he talked with a lawyer in 1960 about clarifying defendant's rights under the deed, but after the lawyer discussed the matter with defendant, no further action was taken. In the same year, plaintiff sold three acres of the property, and defendant signed the grant deed. When defendant refused to discuss a proposed sale of 52 acres, however, plaintiff brought this action.

█ Plaintiff contends that the trial court erred in holding that the three-year statute of limitations governing actions based on fraud or mistake bars his action. (Code Civ. Proc., § 338, subd. 4.) Since there is no statute of limitations governing quiet title actions as such, it is ordinarily necessary to refer to the underlying theory of relief to determine which statute applies. (See, e.g., *Leeper* v. *Beltrami,* 53 Cal. 2d 195, 214 [1 Cal.Rptr. 12, 347 P.2d 12, 77 A.L.R.2d 803] [relief dependent on rescission of a contract, rule requiring prompt action applies]; *Kenney* v. *Parks,* 137 Cal. 527, 530 [70 P. 556] [nondelivery of deed, Code Civ. Proc., § 318 applies; failure of trust condition, Code Civ. Proc., § 343 applies]; *Estate of Pieper,* 224 Cal.App.2d 670, 689 [37 Cal. Rptr. 46] [nondelivery of deed, Code Civ. Proc., § 343 applies]; *Turner* v. *Milstein,* 103 Cal.App.2d 651, 657-659 [230 P.2d 25] [extrinsic fraud, Code Civ. Proc., § 338, subd. 4, applies].) In the present case, however, it is unnecessary to determine which statute would otherwise apply, for no statute of limitations runs against a plaintiff seeking to quiet title while he is in possession of the property.[2] (*Smith* v. *Matthews,* 81 Cal. 120, 121 [22 P. 409]; *Faria* v. *Bettencourt,* 100 Cal.App. 49, 51-52 [279 P. 679]; 1 Witkin, Cal. Procedure (1954) Actions, § 111, p. 613; 41 Cal.Jur.2d, Quieting Title, Etc., § 25, p. 493; see *Newport* v. *Hatton,* 195 Cal. 132, 145 [231 P. 987]; *Sears* v. *County of Calaveras,* 45 Cal.2d 518, 521 [289 P.2d 425]; see also, *Berniker* v. *Berniker,* 30 Cal.2d 439, 448 [182 P.2d 557].) In many instances one in possession would not know of dormant adverse claims of persons not in possession. (See 1 Witkin, Cal. Procedure (1954) Actions, § 111, p. 613.) Moreover, even if, as here, the party in possession knows of such a potential claimant, there is no

---

[2]In holding that the defendant had pleaded the wrong statute of limitations, *Kenney* v. *Parks,* 137 Cal. 527, 530 [70 P. 556], did not need to decide and properly did not discuss whether any statute runs against a plaintiff while he is in possession of the property.

reason to put him to the expense and inconvenience of litigation until such a claim is pressed against him. (See *Berniker* v. *Berniker, supra,* 30 Cal.2d at p. 448.) Of course, the party in possession runs the risk that the doctrine of laches will bar his action to quiet title if his delay in bringing action has prejudiced the claimant. (*Stewart* v. *Rice,* 30 Cal.App.2d 335, 340 [86 P.2d 136]; see *DaSilva* v. *Reeves,* 215 Cal.App. 2d 172, 175 [30 Cal.Rptr. 81]; see also *Berniker* v. *Berniker, supra,* 30 Cal.2d at p. 448 [7].) In this case, however, the trial court erred in holding that plaintiff's action was barred by the statute of limitations and thus did not reach the question of laches.

The judgment is reversed.

McComb, J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.

Respondent's petition for a rehearing was denied December 15, 1965.