**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IQBAL S. RANDHAWA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BANK OF NEW YORK MELLON, FKA Bank of New York, Successor to JPMorgan Chase Bank, NA, as trustee, on behalf of the holders of the Structured Asset Mortgage Investment II Inc., Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2004-12, <br><br> Defendant-Appellee. | No.  19-15926 <br><br> D.C. No. <br> 2:18-cv-02244-JAM-AC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 4, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Iqbal S. Randhawa appeals the district court's denial of leave to amend his Truth in Lending Act ("TILA") complaint against the Bank of New York Mellon. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the denial for abuse of discretion, we affirm.

The district court properly dismissed Randhawa's suit as time-barred, noting that the loan in question "was consummated in 2004," that Randhawa "recorded the Notice of Rescission in 2005, and the TILA cause of action arose when the bank failed to take any action to wind up the loan within 20 days of receiving plaintiff's notice of rescission." The statute of limitations on a TILA recission enforcement claim is borrowed from analogous state contract law, *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1101 (9th Cir. 2018), in this case four years, Cal. Civ. Proc. Code § 337, which expired long before Randhawa filed this action.

Randhawa does not challenge this determination, but argues the district court should have permitted him to amend his TILA complaint to include a quiet title claim. The statute of limitations for quiet title depends upon the "underlying theory of relief," *Muktarian v. Barmby*, 407 P.2d 659, 661 (Cal. 1965), and as the district court noted, the same logic that forecloses his TILA claims applies here. The quiet title claim in Randhawa's proposed amended complaint is premised on the alleged fraud that led him to transfer his deed in 2004. In California, the statute of limitations for fraud is three years, *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,

522 F.3d 1049, 1054 (9th Cir. 2008) (citing Cal. Civ. Proc. Code § 338(d)), and Randhawa's claim is thus time-barred. The district court did not abuse its discretion in refusing to grant him leave to amend. *See Graham-Sult v. Clainos*, 756 F.3d 724, 748 (9th Cir. 2014).

**AFFIRMED.**